PEOPLE v FORTE

Docket No. 54489. Submitted September 16, 1981, at Lansing.—Decided November 17, 1981.

Timothy L. Forte was convicted, on his plea of guilty, of armed robbery in the Genesee Circuit Court, Ollie B. Bivens, J. Defendant appeals, alleging that the trial court erred in informing him during the plea proceeding that he has a right to appeal his guilty plea and in sentencing defendant when it considered offenses committed subsequent to the offense for which he was being sentenced. *Held:*

1. Noncompliance with the court rule establishing the procedure for taking a plea may, but does not necessarily, require reversal, depending on the nature of the noncompliance. While the rule does not require the court to inform a defendant that he has a right to appeal his guilty plea, he does have that right. Defendant was not misled or prejudiced, and reversal is not required.

2. A sentencing court may consider the defendant's conduct while awaiting trial, including any offenses committed or convictions.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — NOLO CONTENDERE — COURT RULES.

Whether a particular departure from the requirements of the court rule concerning pleas of guilty and pleas of nolo contendere justifies or requires reversal or remand for additional proceedings depends on the nature of the noncompliance (GCR 1963, 785.7).

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 867, 973.
   21 Am Jur 2d, Criminal Law §§ 469, 486-499.
[2] 5 Am Jur 2d, Appeal and Error § 867.
   21 Am Jur 2d, Criminal Law § 469 *et seq.*
[3] 21 Am Jur 2d, Criminal Law §§ 598, 599.
   29 Am Jur 2d, Evidence § 320 *et seq.*

2. Criminal Law — Guilty Pleas.

> A trial court does not commit an error which requires reversal in accepting a plea of guilty where it has informed a defendant that he has a right to appeal his guilty plea and where the court has not misled the defendant.

3. Criminal Law — Sentencing.

> A trial court, when sentencing a defendant, does not err in considering offenses committed subsequent to the offense for which he is being sentenced.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Dolores M. Coulter,* for defendant.

Before: Danhof, C.J., and Bronson and M. J. Kelly, JJ.

Per Curiam. Defendant, Timothy Forte, appeals from his plea-based conviction of armed robbery, MCL 750.529; MSA 28.797. On October 9, 1980, he was sentenced to from 10 to 20 years in prison.

## I

On appeal, defendant claims that the trial court erred when it informed him during the plea proceeding that he had a right to appeal his guilty plea. GCR 1963, 785.7 establishes procedures for the taking of a plea. Noncompliance with a requirement of GCR 1963, 785.7 may, but does not necessarily, require reversal. *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), *cert den sub nom Sanders v Michigan,* 429 US 1108 (1977). Whether a particular departure from the rule justifies or requires reversal or remand for addi-

tional proceedings will depend on the nature of the noncompliance. *Id.,* 113. GCR 1963, 785.7 does not contain a provision requiring the trial court to inform a defendant that he has a right to appeal his guilty plea.

While our research has failed to find a case in which a defendant was informed of a right not contained in GCR 1963, 785.7, we do not feel reversal is required. In *People v Smith,* 402 Mich 72, 73; 259 NW2d 558 (1977), the Supreme Court stated that a defendant did have a right to appeal a guilty plea conviction. By informing defendant of this right, the trial court was not misleading him. Furthermore, defendant was not prejudiced by the trial court's action. Although the defendant claims that the trial court's statement could have misled him concerning his sentence, we find this claim to be mere speculation. The trial court complied with GCR 1963, 785.7(1) by informing defendant of the possible maximum and minimum sentence. By informing defendant that he had a right to appeal his plea, the trial court did not mislead defendant into thinking that a more lenient sentence could be received on appeal.

## II

Defendant also claims that the sentencing court erred when it considered offenses committed subsequent to the offense for which defendant was being sentenced. While defendant was incarcerated awaiting trial on the armed robbery charge, he was charged as an aider and abettor in two counts of criminal sexual conduct and two counts of extortion in connection with an alleged assault on two other inmates. Defendant pled guilty to these charges and was sentenced prior to his guilty plea

in this case. While being sentenced in this case, the sentencing court referred to the two prior convictions. According to defendant, this denied him the opportunity of being sentenced as a first time offender.

A trial judge has wide discretion when imposing sentence. *People v Collier,* 105 Mich App 46, 52; 306 NW2d 387 (1981), *People v Watroba,* 89 Mich App 718, 724; 282 NW2d 196 (1979). A trial court may consider other activity for which no conviction resulted provided that defendant is given an opportunity for refutation. *Collier, supra,* 52, *People v Newsum,* 105 Mich App 755, 759; 307 NW2d 412 (1981). Furthermore, the trial court may consider prior convictions when determining the sentence. *Watroba, supra,* 724. The court may also consider defendant's activities while he is incarcerated. *People v Triplett,* 407 Mich 510; 287 NW2d 165 (1980).

In this case, the sentencing court did not err when it considered defendant's conduct while awaiting trial. The court could have considered the prison incidents whether a conviction had been obtained or not. Sentences are to be tailored to the particular circumstances of the case and the offender in an effort to balance society's need for protection and its interest in maximizing the offender's rehabilitative potential. To achieve this objective, the sentencing court properly considered defendant's other convictions. Defendant's conviction and sentence are affirmed.

Affirmed.