PEOPLE v ST CYR

Docket No. 62638. Submitted March 8, 1983, at Lansing.—Decided
        October 10, 1983. Leave to appeal denied, 419 Mich —.
    Rodney L. St. Cyr was convicted of armed robbery, Bay Circuit
    Court, John X. Theiler, J. Defendant appealed, alleging several
    errors. *Held:*

1. At trial, defendant did not deny the robbery but asserted
that his sole motivation was his need for money. The trial court
denied the defendant's request for a jury instruction which
would allow the jury to acquit him even if it found that he was
plainly guilty. While the jury has the power to disregard a trial
court's instructions, it has no right to do so and may not be so
instructed. The instruction was properly denied.

2. An on-the-scene identification of defendant was conducted
without the presence of counsel. This was error because at the
time the police possessed strong evidence that defendant was
the culprit. The error was harmless, however, because the
defendant's participation in the robbery was admitted and was
never at issue.

3. The trial court's findings regarding defendant's waiver of
rights and the voluntariness of his confession were not clearly
erroneous.

4. No prejudice or manifest injustice resulted from the prose-
cutor's questioning of the defendant or the alleged attempt to
present improper rebuttal testimony.

Affirmed.

1. CRIMINAL LAW — JURY — VERDICTS — JURY INSTRUCTIONS.
    Juries in criminal cases have the power to dispense mercy by
    returning verdicts less than warranted by the evidence; how-
    ever, although a jury has the power to disregard the trial
    court's instructions, it does not have the right to do so.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trial §§ 892-894.
[2] 21A Am Jur 2d, Criminal Law §§ 802, 803.
    29 Am Jur 2d, Evidence § 371.2.
[3] 5 Am Jur 2d, Appeal and Error § 819.
    21 Am Jur 2d, Criminal Law § 797.

2. CRIMINAL LAW — IDENTIFICATION — PRESENCE OF COUNSEL.

    An on-the-scene identification of a defendant conducted without the presence of counsel is improper where the police possess strong evidence at the time they apprehend the defendant that he is the culprit.

3. CRIMINAL LAW — WAIVER OF RIGHTS — CONFESSIONS — CLEAR ERROR.

    A trial court's findings regarding a defendant's waiver of his rights to counsel and to remain silent and the voluntariness of his confession will not be reversed unless shown to be clearly erroneous.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Thomas J. Rasdale,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg),* for defendant on appeal.

Before: M. J. KELLY, P.J., and GRIBBS and R. L. TAHVONEN,* JJ.

R. L. TAHVONEN, J. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and was sentenced to a term of 9 to 30 years in prison. He appeals as of right.

At trial, defendant did not deny that he committed the robbery. On the contrary, he testified extensively concerning his actions in planning and carrying out the robbery. However, he testified that his sole motivation in committing the robbery was to obtain money so that he could purchase food and Christmas presents for his daughter and fiancée. The trial court denied his request that the following instruction be given to the jury:

    "The very essence of the jury's function is its role as

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

spokesman for the community conscience in determining whether or not blame can be imposed. Many considerations enter into a jury's verdict which cannot be itemized and weighted in a chart of legal instructions. A jury is expected to stay within the bounds of reason, yet they may indulge tender mercies even to the point of acquitting the plainly guilty. Accordingly, you are entitled to act upon your conscientious feeling about what is a fair result in this case and acquit the defendant if you believe that justice requires such a result."

It appears that the issue of a criminal defendant's right to a jury "nullification" instruction has not been addressed in this state. Federal courts have uniformly held that no such right exists. See *United States v Wiley,* 503 F2d 106, 107, fn 4 (CA 8, 1974), and cases cited therein. An exhaustive analysis of the issue is set forth in *United States v Dougherty,* 154 US App DC 76, 93-100; 473 F2d 1113, 1130-1137 (1972), cited with approval in *People v Chamblis,* 395 Mich 408, 426; 236 NW2d 473 (1975). See also *People v Cazal,* 412 Mich 680, 688; 316 NW2d 705 (1982). In *Dougherty, supra,* the court traced the historical development of the Anglo-American jury system. Although the court recognized that a jury in a criminal case does have unreviewable and irreversible power to acquit in disregard of the instructions given by the trial judge, the court declined to hold that the jury should be instructed concerning that power:

"The fact that there is widespread existence of the jury's prerogative [to dispense mercy], and approval of its existence as a 'necessary counter to case-hardened judges and arbitrary prosecutors,' does not establish as an imperative that the jury must be informed by the judge of that power. On the contrary, it is pragmatically useful to structure instructions in such wise that the jury must feel strongly about the values involved in

the case, so strongly that it must itself identify the case as establishing a call of high conscience, and must independently initiate and undertake an act in contravention of the established instructions. This requirement of independent jury conception confines the happening of the lawless jury to the occasional instance that does not violate, and viewed as an exception may even enhance, the over-all normative effect of the rule of law. An explicit instruction to a jury conveys an implied approval that runs the risk of degrading the legal structure requisite for true freedom, for an ordered liberty that protects against anarchy as well as tyranny." *Dougherty, supra,* pp 99-100; 473 F2d 1136-1137.

Our Supreme Court has also recognized that juries in criminal cases have the power to dispense mercy by returning verdicts less than warranted by the evidence. *People v Vaughn,* 409 Mich 463, 466; 295 NW2d 354 (1980); *People v Lewis,* 415 Mich 443, 449-450; 330 NW2d 16 (1982). However, the Supreme Court has also held that, although the jury has the power to disregard the trial court's instructions, it does not have the right to do so. *People v Ward,* 381 Mich 624, 628; 166 NW2d 451 (1969). See also *People v Lambert,* 395 Mich 296, 304; 235 NW2d 338 (1975). The trial court correctly denied defendant's requested instruction.

Defendant next complains that his Sixth Amendment right to counsel was violated by an on-the-scene identification which took place following his arrest without the presence of counsel.

We agree that the on-the-scene identification without counsel was improper since the police possessed strong evidence at the time they apprehended defendant that he was the culprit. *People v Turner,* 120 Mich App 23, 35-36; 328 NW2d 5 (1982); *People v Fields,* 125 Mich App 377; 336

NW2d 478 (1983). However, we note that defendant's participation in these events was not in issue at trial. On the contrary, defendant fully admitted perpetrating the robbery. In any event, there was overwhelming independent evidence presented on this issue at trial, evidence which included inculpatory statements made by defendant prior to the time the complained-of identification took place. Therefore, we find the error to be harmless beyond a reasonable doubt. *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972).

We also reject defendant's claim that the trial court erred in admitting statements defendant made to police following his arrest. The trial court's findings on this issue related to credibility. Its rulings that defendant waived his *Miranda* rights *[Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966)] and that his confession was voluntary were not clearly erroneous. *People v Anglin,* 111 Mich App 268, 279-280; 314 NW2d 581 (1981).

Contrary to defendant's next claim, we do not believe that questioning of defendant by the prosecutor related to other crimes in which defendant was involved. *People v DerMartzex,* 390 Mich 410, 413; 213 NW2d 97 (1973). On the contrary, the prosecutor's questioning of defendant concerning his place of residence was designed to refute defendant's claim that he lived with his fiancée and child and provided for their support. Although defendant may have been prejudiced had the prosecutor been permitted to inquire more fully into this subject, the trial court's action in limiting that line of questioning removed any potential for prejudice.

Defendant finally contends that the prosecutor

attempted to present improper rebuttal testimony on a collateral matter. The evidence was not objected to on this basis below. In any event, the trial court instructed the jury to disregard the evidence. No manifest injustice resulted from the prosecutor's attempt to question the witness on this issue. *People v Bell,* 101 Mich App 779, 785; 300 NW2d 691 (1980).

Affirmed.