PEOPLE v BRYARS

Docket Nos. 96792, 97872. Submitted August 25, 1987, at Lansing. Decided February 18, 1988.

Marion B. Bryars, while on bail and charged in the Muskegon Circuit Court with three counts of delivering more than 50 but less than 225 grams of cocaine and two counts of conspiring to deliver cocaine, absconded and failed to appear for trial. Bryars was subsequently apprehended and, pursuant to a plea bargain agreement, he pled guilty to three counts of delivering less than 50 grams of cocaine and two counts of conspiring to deliver cocaine, James M. Graves, Jr., J. Complying with an additional term of the plea agreement, defendant pled guilty to absconding, Ronald H. Pannucci, J. Judge Graves sentenced defendant to concurrent prison terms of eight to twenty years and Judge Pannucci sentenced defendant to a prison term of two years and eight months to four years to be served consecutively to the sentence for the drug convictions. Defendant's separate appeals from each judge's sentence were consolidated by the Court of Appeals.

The Court of Appeals *held:*

Considered together, the sentences received by defendant shocked the conscience of this Court. Defendant received a double enhancement of his sentence due to his absconding. First, the sentencing judge on the drug charges found defendant's absconding a major aggravating factor for exceeding the sentencing guideline recommendation. The other sentencing judge then imposed the maximum possible sentence on the absconding conviction to be served consecutively to the sentence for the drug convictions. Had defendant been sentenced on all the charges by a single judge, the absconding factor may have exacerbated only one of the sentences.

Remanded for resentencing by a single judge.

CRIMINAL LAW — APPEAL — SENTENCING.

A criminal defendant may request review of the exercise of a

REFERENCES

Am Jur 2d, Criminal Law § 538.

Review for excessiveness of sentence in narcotics case. 55 ALR3d 812.

trial court's discretion in imposing sentence, but relief will be granted only where it is found that the trial court abused its discretion to the extent that the sentence shocks the conscience of the appellate court.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Harold F. Closz, III,* Prosecuting Attorney, and *Judith K. Simonson,* Assistant Prosecuting Attorney, for the people.

*Vander Ploeg, Ruck, Luyendyk & Wells* (by *Douglas M. Hughes*), for defendant in Docket No. 96792.

State Appellate Defender (by *Chari Grove*), for defendant in Docket No. 97872.

Before: M. J. KELLY, P.J., and CYNAR and DOCTOROFF, JJ.

PER CURIAM. Defendant appeals his sentences, contending they should shock the conscience of this Court and thus require reversal and remand for resentencing. We agree and remand for resentencing.

Defendant was originally charged in three separate actions with delivering more than 50 grams but less than 225 grams of a mixture containing cocaine on three separate occasions, MCL 333.7401(1) and (2)(a)(iii); MSA 14.15(7401)(1) and (2)(a)(iii). Defendant was also charged with two counts of conspiracy to deliver cocaine, MCL 750.157a; MSA 28.354(1). On December 18, 1985, following defendant's failure to appear on the previous day, the date set for trial, a bench warrant was issued for defendant's arrest and his $75,000 bail was cancelled and forfeited. Following defendant's apprehension a hearing took place on August 25, 1986. A plea agreement was reached.

Defendant pled guilty to three counts of delivery of less than 50 grams of cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), and two counts of conspiracy to deliver cocaine. Consequently, the people moved to dismiss the three counts of delivery of more than 50 grams and the conspiracy charges. Complying with an additional term of the plea agreement, defendant pled guilty before another judge to absconding while on bail, MCL 750.199a; MSA 28.396(1).

At the sentencing hearing on the drug charges on September 24, 1986, before Muskegon Circuit Judge James M. Graves, Jr., defendant received a sentence of eight to twenty years on each separate count; however, the sentences were to run concurrently. On September 25, 1986, defendant was sentenced by Muskegon Circuit Judge Ronald H. Pannucci to a consecutive term of two years and eight months to four years on the absconding conviction.

Defendant appeals from the sentences received in both instances. Defendant's appellate counsel on the appeal from the sentences given for the drug convictions has fully briefed the issues which she contends are dispositive. Appellate counsel in the appeal from the sentence given for the absconding charge has filed an *Anders* brief contending that there are no issues to raise on appeal. See *Anders v California,* 386 US 738; 87 S Ct 1396; 18 L Ed 2d 493 (1967). We have administratively consolidated these cases.

In giving defendant concurrent sentences of eight to twenty years on each of the drug convictions, the trial judge departed from the range recommended by the sentencing guidelines. The Sentence Information Report recommended a minimum sentence of twelve to twenty-four months. On the SIR the trial judge listed the following

reasons for departure: (1) The guidelines do not give sufficient weight to the fact that defendant was convicted of five twenty-year drug felonies; (2) defendant was a major supplier of cocaine to the Muskegon area over a period of time; (3) defendant sold in major quantities, sufficient to trigger a mandatory ten-year sentence but had the charges reduced only because of a plea bargain; (4) defendant absconded from a $75,000 bond and hid along the Gulf of Mexico until arrested by the Coast Guard. The court articulated similar reasons for departure at the sentencing hearing.

Defendant's first issue on appeal is that, in giving its reasons for departure, the sentencing court relied on factors that had already been evaluated in scoring the SIR. While conceding that this Court has consistently upheld departures based on reasons already taken into account by the guidelines, defendant argues that permitting departure on that basis is error, fundamentally unfair, and renders the guidelines meaningless. We disagree. It is not an abuse of discretion to rely on the same factors considered in the sentencing guidelines as a basis for departure. *People v Kenneth Johnson*, 144 Mich App 125, 137; 373 NW2d 263 (1985), lv den 424 Mich 854 (1985). A sentencing judge is free to consider and give more weight to factors included in scoring the sentencing guidelines. *People v Naugle*, 152 Mich App 227, 237; 393 NW2d 592 (1986).

Defendant next argues that the sentencing judge on the drug charges relied too heavily on the fact that defendant had absconded prior to trial. Defendant asserts this factor should not have been considered because defendant was separately charged and convicted on the absconding offense. Standing alone, this claim is without merit. A trial court may consider offenses committed subsequent

to the offense for which a defendant is being sentenced when sentencing a defendant. *People v Forte,* 111 Mich App 461, 464; 314 NW2d 653 (1981). However, we do find some merit to this claim when taken in context with defendant's final argument.

Defendant's final argument is that the sentence he received on the drug charges, eight to twenty years, should shock the conscience of this Court. As stated earlier, the highest recommended minimum sentence was twenty-four months. Defendant contends that this Court should find, as a matter of law, that a sentence which exceeds a recommended minimum sentence by over four times shocks the conscience of this Court and entitles a defendant to resentencing.

An appellate court may afford relief to a defendant if "the trial court, in imposing sentence, abused its discretion to the extent that it shocks the conscience of the appellate court." *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983).

We decline to base our decision on defendant's argument that a minimum sentence which exceeds the maximum guideline recommendation by four times should, as a matter of law, shock the conscience of an appellate court. However, we do find on the facts presented that our conscience is shocked. We reach this conclusion based on the following facts: a predominant factor in defendant's sentence on the drug charges was the fact that he absconded prior to trial; defendant was then given a minimum sentence four times greater than the guideline recommendation; subsequently, defendant received the maximum possible sentence on the absconding charge; and this sentence was made consecutive to defendant's sentence on the drug charges.

It appears from the actions of the two sentenc-

ing judges that defendant received a double enhancement of his sentence due to his absconding. First, the sentencing judge on the drug charges found defendant's absconding a major aggravating factor for exceeding the guideline recommendation. The next day, when defendant was before another judge on the absconding charge, defendant was given the maximum possible sentence and it was made consecutive to the first sentence. It appears that if defendant had been sentenced on all charges by a single judge, the absconding on bond factor may have exacerbated only one of the sentences. Considered together, the sentences received by defendant shock our conscience. Both cases are remanded for resentencing before a single circuit court judge.

Remanded for resentencing.