PEOPLE v DEMERS

Docket No. 119977. Submitted April 9, 1992, at Lansing. Decided July
21, 1992, at 9:15 A.M. Leave to appeal sought.

Robert E. Demers was convicted by a jury in the Bay Circuit
Court of absconding while free on bail pending disposition of
charges of criminal sexual conduct. The court, Eugene C.
Penzien, J., sentenced the defendant to thirty-two to forty-eight
months' imprisonment. The defendant appealed, claiming that
the court erred in precluding him from presenting, as a de-
fense, evidence of his motive for absconding. The defendant
sought to introduce that evidence in an effort to invoke the
jury's mercy and power to disregard the court's instructions
and return a verdict less than warranted by other evidence.
The defendant also claimed that he should have been sentenced
by one judge only on the charge of absconding and the charges
of criminal sexual conduct, arguing that his absconding was
improperly considered at the two sentencing proceedings.

The Court of Appeals held:

1. The trial court correctly refused to allow the defendant to
present a defense based on jury "nullification." Jury nullifica-
tion is not recognized by the Legislature as a defense to
absconding, and the purpose of the statute proscribing abscond-
ing would be subverted were such a defense to be recognized.

2. Because the defendant did not appeal his sentences for the
convictions of criminal sexual conduct, they cannot be re-
viewed. The defendant's sentence for absconding, however, was
within the sentencing guidelines and therefore was presump-
tively neither excessively severe nor unfairly disparate. The
defendant offered nothing to rebut those presumptions.

Affirmed.

BAIL — ABSCONDING. — DEFENSES — JURY.

A defendant charged with absconding while on bail may not
present evidence of the motive for absconding as part of the

REFERENCES
Am Jur 2d, Criminal Law § 183; Bail and Recognizance § 61.
See the Index to Annotations under Defenses; Escape or Flight;
Intent or Motive; Justification or Excuse.

defense where the purpose of introducing that evidence would be to invoke the jury's mercy and its power to return a verdict less than warranted by other evidence (MCL 750.119a; MSA 28.396[1]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *George B. Mullison,* Prosecuting Attorney, and *Martha G. Mettee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Rolf E. Berg*), for the defendant on appeal.

Before: REILLY, P.J., and HOLBROOK, JR., and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals as of right his conviction by a jury of absconding while on bond, MCL 750.199a; MSA 28.396(1), and his prison sentence of thirty-two to forty-eight months, arguing that the trial court erred in not allowing him to present his defense aimed at jury "nullification," and that he should be resentenced by a single judge in both this matter and for the underlying offenses. We affirm.

As his first issue, the defendant claims that the trial court erred in precluding him from presenting to the jury his motive for absconding: he believed that he needed to be represented by the attorney he had hired to be trial counsel, rather than the attorney who was only to do pretrial investigation and make pretrial appearances. According to the defendant, this res gestae evidence was relevant because it would prompt the jury to exercise its power of nullification. Jury nullification is the power to dispense mercy by nullifying the law and returning a verdict less than that required by the evidence. *People v St Cyr,* 129 Mich App 471, 473-474; 341 NW2d 533 (1983).

Although the jury has the power to disregard the trial court's instructions, it does not have the right to do so. *Id.,* p 474. We need not address the issue whether juries should be told of the power of nullification. Rather, we must decide whether a defendant is entitled to present a defense that does nothing more than present facts that are aimed solely at prompting jury nullification. This is an issue of first impression in Michigan.

A trial court may exclude from the jury testimony concerning a defense that has not been recognized by the Legislature as a defense to the charged crime. In *People v Hocquard,* 64 Mich App 331; 236 NW2d 72 (1975), this Court affirmed the trial court's decision to exclude the defendant's testimony concerning the defenses of duress and necessity, holding that the defense of necessity is a very limited defense to prison escape and that the defendant failed to establish its elements. Likewise, in *People v Peach,* 174 Mich App 419, 428-429; 437 NW2d 9 (1989), this Court held that the trial court properly refused the defendant's request to present evidence of her intent to make restitution as a defense to a charge of false pretenses over one hundred dollars. In *People v Rau,* 174 Mich App 339; 436 NW2d 409 (1989), this Court held that the trial court did not abuse its discretion by precluding the defendant from presenting evidence regarding the defense of duress where the defendant was charged with possession of a dangerous weapon by an inmate, determining that while the defense of duress could be raised against a charge of prison escape, duress could not be allowed as a defense to possession of a dangerous weapon by an inmate because there is no threat to individuals' safety by an escape and the Legislature has not extended the defense to the charged crime. *Id.,* p 342. Duress was not allowed

as a defense in *Rau* also as a matter of public policy to protect the safety of prison personnel and other inmates. *Id.*

Similarly, we cannot endorse jury nullification as a defense to absconding while on bail. The Legislature enacted this statute to ensure that criminal defendants do not impede the judicial process by failing to be present at court proceedings. *People v Perryman,* 432 Mich 235, 241; 439 NW2d 243 (1989), citing *People v Litteral,* 75 Mich App 38, 43; 254 NW2d 643 (1977). The purpose of this statute would be nullified if an absconding defendant were allowed to present a defense of jury nullification, because defendants could decide to flee from trial and then seek mercy from a jury. Moreover, such a defense is inconsistent with the absconding statute because the statute does not require the specific intent to abscond. *People v Rorke,* 80 Mich App 476, 478; 264 NW2d 30 (1978); *Litteral,* p 44, n 2. In the absence of the Legislature's recognition of jury nullification as a defense to the instant offense, we decline to find error in a trial court's decision to preclude a defendant from presenting evidence of this defense.

Defendant next argues that he is entitled to resentencing before a single judge for his absconding conviction and the underlying charges of criminal sexual conduct because each sentencing judge considered his absconding. See *People v Bryars,* 168 Mich App 523, 526-528; 425 NW2d 125 (1988). Unlike *Bryars,* the defendant in this case has not consolidated his separate appeals for his criminal sexual conduct convictions and his absconding conviction. The only record before us is the one concerning the defendant's absconding conviction. We cannot grant the requested relief when the defendant failed to present this Court with the record of the criminal sexual conduct proceedings. *People v*

*Calloway,* 169 Mich App 810, 817; 427 NW2d 194 (1988), vacated on other grounds, 432 Mich 904 (1989). We may consider the defendant's sentence for absconding. However, the defendant's argument that he was prejudiced when the sentencing judge considered the effect his absconding had on the criminal sexual conduct victims does not overcome the presumption that his sentence, because it was within the guidelines range, was neither excessively severe nor unfairly disparate. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990); *People v Broden,* 428 Mich 343, 354; 408 NW2d 789 (1987); *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991).

Affirmed.