# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 23, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

138354

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

SC: 138354
COA: 282505
Jackson CC: 07-003775-FC

JACK EDWARD SMITH,
      Defendant-Appellant.

_____/

On order of the Court, the application for leave to appeal the January 8, 2009 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in the Court's order denying leave to appeal. I write separately only to note that the Court of Appeals erred in its rationale for rejecting defendant's argument that he was entitled to a jury instruction on an attempted arson. The court rejected this on the grounds that attempted arson constitutes a cognate offense of the charged offense, arson, and therefore such an instruction is not permitted under *People v Cornell*, 466 Mich 335 (2002).

*People v Cornell* construed MCL 768.32(1) which provides:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an *attempt* to commit that offense. [Emphasis added.]

Pursuant to this, footnote 7 of *Cornell* notes, "MCL 768.32(1) . . . also permits instruction on an attempt to commit [an] offense." *Cornell*, *supra* at 354 n 7.

*Cornell* and its progeny have largely focused on which offenses are necessarily included lesser offenses and which are cognate offenses. However, it cannot be overlooked that MCL 768.32(1) expressly authorizes an instruction for an "attempt" of a charged offense, even though an attempt may otherwise constitute a cognate offense. Where warranted by the evidence, such an instruction must be provided.

CORRIGAN and HATHAWAY, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 23, 2009

*Corbin R. Davis*

Clerk

d0616