# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT HAROLD BLACKSTOCK,

        Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 317260
Huron Circuit Court
LC No. 13-305635-FH

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of resisting and obstructing a police officer, MCL 750.81d(1), and domestic assault, MCL 750.81(2). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to concurrent terms of 3 to 15 years in prison for resisting and obstructing a police officer and 93 days for domestic assault. We affirm.

On two occasions during pretrial proceedings defendant waived his right to counsel. The trial court allowed defendant to represent himself with counsel on standby. Prior to trial defendant changed his mind and indicated that he wished to have counsel represent him.

At trial Phyllis Tinsey testified that defendant is her son and that on the morning of December 20, 2012, defendant came to her home and asked for money. Tinsey stated that she gave defendant money and he left her residence; however, he returned and said that he was there to hide from his parole officer. Tinsey testified that she and defendant engaged in a physical confrontation during which he grabbed her and pushed her against the wall. Tinsey stated that when defendant realized she had called 911, he swung her purse at her and struck her. Tinsey stated that defendant was intoxicated when the incident occurred.

Officer Powell of the Huron County Sherriff's Office testified that initially defendant was calm during the booking process, but that defendant then stood up and stated that he wanted to fight. Powell told defendant to sit down, but defendant approached him in an aggressive manner, with fists closed. Powell then pushed defendant against the wall and then took him to the ground, where he and another officer handcuffed defendant. The incident was recorded and the video was played for the jury. The jury found defendant guilty of resisting and obstructing a police officer and domestic assault.

-1-

Initially, defendant argues that the trial court committed plain error by failing to give a special unanimity instruction. Defendant argues that in the alternative, defense counsel was ineffective for failing to object to the trial court's failure to give the special unanimity instruction.

An unpreserved issue is reviewed for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).[1] Because defendant failed to move for a new trial or an evidentiary hearing in the trial court, review is limited to mistakes apparent on the record. *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000).

To establish ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. Counsel must have made errors so serious that he was not performing as the "counsel" guaranteed by the federal and state constitutions. US Const, Am VI; Const 1963, art 1, § 20; *People v Carbin*, 463 Mich 590, 599; 623 NW2d 884 (2001). Counsel's deficient performance must have resulted in prejudice. To demonstrate the existence of prejudice, a defendant must show a reasonable probability that but for counsel's error, the result of the proceedings would have been different, *id*. at 600, and that the result that did occur was fundamentally unfair or unreliable, *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Counsel is presumed to have afforded effective assistance, and the defendant bears the burden of proving otherwise. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

A criminal defendant is entitled to a unanimous verdict. Const 1963, art 1, § 14; see also MCR 6.410(B). In order to protect a defendant's right to a unanimous verdict, a trial court must properly instruct the jury regarding the unanimity requirement. *People v Cooks*, 446 Mich 503, 511; 521 NW2d 275 (1994). In most cases, a general unanimity instruction will be adequate. *Id*. at 524. However, a special unanimity instruction is required when the prosecution presents evidence of alternative acts allegedly committed by the defendant and "1) the alternative acts are materially distinct (where the acts themselves are conceptually distinct or where either party has offered materially distinct proofs regarding one of the alternatives), or 2) there is reason to believe the jurors might be confused or disagree about the factual basis of defendant's guilt." *Id*.

In this case, the prosecution presented evidence that defendant resisted and obstructed Powell by standing up to challenge Powell, refusing a command to sit down, and then approaching Powell in an aggressive manner with closed fists. The incident was presented as a single event. Neither *Cooks* prong is present in this case. Defendant's acts were not materially distinct. The acts took place in the same room and flowed together quickly. There was little room for the jurors to be confused or to disagree about the factual basis of defendant's guilt. Powell's testimony precisely laid out the events as a single incident. Furthermore, the jury was able to watch a video of the incident, thereby eliminating any confusion over the factual basis for the offense. Based on this evidence defendant cannot show plain error. And, as a result, defense

---

[1] Defense counsel stated that he had no objections to the jury instructions, but did not express approval of them. It could be argued that defense counsel's statement constituted a waiver. *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

counsel did not render ineffective assistance by failing to object to the instructions or to request a special unanimity instruction. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Next, defendant argues that counsel rendered ineffective assistance by essentially conceding defendant's guilt without his waiver or consent. Defendant failed to preserve the issue of ineffective assistance of counsel by moving for a new trial or an evidentiary hearing in the trial court. *Sabin*, 242 Mich App at 658-659. Therefore, our review is limited to mistakes apparent on the record. *Id.*

Counsel did not render ineffective assistance during closing argument. Counsel did not have any basis on which to challenge the merits of the prosecution's case. It is clear that counsel's assertions and references to defendant's intoxication and mental illness were an attempt to elicit sympathy and mercy from the jury. The claims by counsel as to defendant's intoxication and mental condition were not legal defenses. MCL 768.37(1); MCL 768.21a(1) and (2). Counsel's assertion of defendant's mental condition and intoxication as part of a strategy of jury nullification was not unreasonable; counsel made the best argument he could under the circumstances. *People v Demers*, 195 Mich App 205, 206; 489 NW2d 173 (1992). Moreover, counsel never completely conceded defendant's guilt, and only a complete concession of defendant's guilt constitutes ineffective assistance. *People v Krysztopaniec*, 170 Mich App 588, 596; 429 NW2d 828 (1988). Defendant cannot show that counsel's actions resulted in prejudice. *Carbin*, 463 Mich at 600.

Finally, defendant argues that his Sixth Amendment right to counsel was violated at sentencing when he was required to proceed without the assistance of counsel absent a knowing, intelligent, unequivocal and voluntary waiver. Defendant failed to object to this issue below; however, an unpreserved claim of constitutional error will be heard for the first time on appeal when the alleged error could have been decisive of the outcome. *People v Grant*, 445 Mich 535, 547; 520 NW2d 123 (1994).

"When assessing the validity of a defendant's waiver of the right to counsel, we review de novo the entire record to determine whether the trial court's factual findings regarding the waiver were clearly erroneous." *People v Willing*, 267 Mich App 208, 218; 704 NW2d 472 (2005). We also review de novo the trial court's application of a constitutional standard to the facts. *Id*. at 219. A defendant's ineffective waiver of his right to counsel is a structural error if the defendant is totally deprived of counsel at a critical stage. *Id.* at 224.

The right to self-representation is both constitutional and statutory. Const 1963, art 1, § 13; MCL 763.1. Before the trial court can grant a defendant's request for self-representation it must determine that: (1) the waiver request is unequivocal, (2) the waiver request is knowingly, intelligently, and voluntarily made, and (3) the court must be satisfied that defendant will not disrupt, unduly inconvenience, or burden the court. *People v Anderson*, 398 Mich 361, 367-368; 247 NW2d 857 (1976). To inform defendant of the risks a trial court must notify defendant of the charge, the maximum possible prison sentence, any mandatory minimum sentence, and the risks of self-representation. *People v Williams*, 470 Mich 634, 642-643; 683 NW2d 597 (2004). A trial court's substantial compliance with the substantive requirements is sufficient. *People v Russell*, 471 Mich 182, 191; 684 NW2d 745 (2004).

-3-

Once a defendant has waived his right to counsel a trial court is obligated to reaffirm the waiver at subsequent proceedings as proscribed under MCR 6.005 (E). *People v Lane*, 453 Mich 132, 137-138; 551 NW2d 382 (1996).

The trial court referred to the letters defendant had written to the court and told defendant that he was entitled to the assistance of an attorney and that an attorney would be appointed if defendant could not afford to retain counsel. Defendant stated that he did not want counsel and wanted to represent himself. The trial court directed defendant's appointed counsel to remain in the courtroom on a standby basis. The trial court's advice complied with MCR 6.005(E). The trial court's ruling indicates that the trial court found it less disruptive to allow defendant to represent himself than to refuse his request. Defendant's waiver of his right to counsel was unequivocal, voluntary, knowing, and intelligent.

Affirmed.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray