# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JVON DESHAWN-STACIE ROBERSON,

Defendant-Appellant.

UNPUBLISHED
March 15, 2016

No. 324461
Muskegon Circuit Court
LC No. 14-064718-FH

Before: METER, P.J., and BOONSTRA and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of assaulting, resisting, or obstructing a police officer, MCL 750.81d(1). Defendant was sentenced to 8 months and 15 days in jail. We affirm.

## I. FACTUAL BACKGROUND

On March 30, 2014, Muskegon police stopped defendant after he drove his car at a high rate of speed and entered an intersection under a yellow light. Ultimately, defendant was removed from his vehicle and arrested due to the fact that he was driving with a suspended license and a bench warrant had been issued for his arrest. In light of defendant's conduct during the incident, he was charged with assaulting, resisting, or obstructing a police officer.

On July 30, 2014, a jury trial was held. At the end of the trial, the trial court provided instructions to the jury, including the following instruction regarding the offense of attempted resisting or obstructing a police officer:

> Mr. Roberson is also charged with a lesser included offense of attempting to commit the crime of resisting and obstructing a police officer. And to prove that attempted crime, the prosecutor must prove beyond a reasonable doubt, first, that Mr. Roberson intended to commit the crime of resisting and obstructing a police officer who is acting in the lawful performance of his duties, and I've already defined for you what resisting and obstructing a police officer is.

> Second, Mr. Roberson must have taken some action towards the commission of the resisting and obstructing crime but failed to complete it. It's not enough to prove that he made preparations for committing the crime, things

-1-

like planning the crime or arranging how it will be committed or just preparations. They don't qualify as an attempt. In order to qualify as an attempt, the action must go beyond mere preparation to the point where the crime would have been completed if it hadn't been interrupted by some outside source. And to qualify as an attempt, the act must clearly and directly be related to the crime that the Defendant is charged with attempting and not some other objective. And you can convict the Defendant of attempting to commit the crime of resisting and obstructing in the lawful performance of a police officer's duties even if the evidence convinces you that the crime was actually completed.

The trial court further instructed the jury that:

Now in this case, as I said, there are two different crimes to consider here. When you discuss the case, you should consider the principal charge here first, which is resisting and obstructing the completed crime, and if you all agree that Mr. Roberson is guilty of that crime, you can stop your deliberations at that point and return your verdict. Now, if you believe he's not guilty of the principal charge of resisting and obstructing or you can't agree about that crime, you should consider the less serious crime of attempted resisting and obstructing, and you can decide how long to spend on the principal charge before you discuss the less serious charge. You can go back to the principal charge after discussing the less serious charge if you want to.

After the trial court dismissed the jury for its deliberations, and the jury had been deliberating for approximately 30 minutes, the jury returned to the courtroom and the trial court addressed them as follows:

[W]e're back on the record in People versus Roberson. One of the things that you were instructed with regard to this lesser offense of attempted resisting and obstructing was erroneous. One of the instructions you were given was you can convict the Defendant of attempting to commit the charge of resisting and obstructing in the lawful performance of duties even if the evidence convinces you that the crime was actually completed. That is not true. If the crime convinces you that the -- if the evidence convinces you beyond a reasonable doubt that the principal charge was completed, then you may not convict him of the attempt charge. You would convict him of the principal charge. Everybody understand that? Okay. And I'll be giving you some revised instructions[1] with regard to that.

---

[1] The final jury instructions present in the lower court file are substantially the same as those initially read to the jury by the trial court, except for the omission of the following sentence: "And you can convict the Defendant of attempting to commit the crime of resisting and obstructing in the lawful performance of a police officer's duties even if the evidence convinces you that the crime was actually completed."

After the jury was excused again, the trial court noted on the record that defense counsel objected to the revision of the jury instructions. The trial court also explained its reasons for revising the instruction:

> [T]he only way you could possibly give that instruction it seems to me is if the only charge was an attempt charge, but once you charge the principal charge in [sic] an attempt charge, if you allow the jury to do what that instruction says, you're basically endorsing jury nullification, which is not appropriate either. So I find that that instruction, when it's in the context of a case where the principal charge and the attempt are both charged, that it's not an appropriate instruction to give and that's why I eliminate[d] it.

The jury found defendant guilty of assaulting, resisting, or obstructing a police officer. Defendant now appeals as of right.

## II. JURY INSTRUCTION

On appeal, defendant argues that the trial court improperly modified the jury instructions. We disagree.

### A. STANDARD OF REVIEW

"We review a claim of instructional error involving a question of law de novo, but we review the trial court's determination that a jury instruction applies to the facts of the case for an abuse of discretion." *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010). "An abuse of discretion occurs when the circuit court chooses an outcome that falls outside the range of principled outcomes." *People v Jones*, 497 Mich 155, 161; 860 NW2d 112 (2014). The trial court's instructions are reviewed "as a whole, rather than piecemeal, to determine whether any error occurred." *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011).

### B. ANALYSIS

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *People v Riddle*, 467 Mich 116, 124; 649 NW2d 30 (2002). The trial court is charged with instructing the jury on the applicable law in a case, MCR 2.512(B), and it "has a duty to accurately instruct the jury regarding the law applicable to the facts," *Jones*, 497 Mich at 169. Pursuant to MCL 768.32, "a trial court, upon request, should instruct the jury regarding any necessarily included lesser offense, or an attempt" to commit the charged offense, if "a rational view of the evidence would support it." *People v Silver*, 466 Mich 386, 388; 646 NW2d 150 (2002) (TAYLOR, J.).[2]

---

[2] We note that defendant erroneously characterizes attempted resisting and obstructing a police officer as a necessarily included lesser offense. Attempted resisting and obstructing is a *cognate* lesser offense of resisting and obstructing a police officer. See *People v Adams*, 416 Mich 53, 56-57; 330 NW2d 634 (1982) (explaining that an attempt to commit the charged offense is a

Defendant contends that the trial court erred when it modified the jury instructions by reinstructing the jury that "if the evidence convinces you beyond a reasonable doubt that the principal charge was completed, then you may not convict him of the attempt charge." He likewise asserts that the trial court erred in removing the following sentence from the initial instructions: "[Y]ou can convict the Defendant of attempting to commit the crime of resisting and obstructing in the lawful performance of a police officer's duties even if the evidence convinces you that the crime was actually completed." Defendant claims that the modification effectively denied his requested instruction on attempted resisting and obstructing a police officer. However, he fails to explain how the judge's removal of the sentence negated the jury's consideration of the attempt instruction that remained before it. Further, in viewing the instructions as a whole, it is overwhelmingly apparent that the jury remained instructed to convict defendant of attempted resisting and obstructing a police officer if it concluded that defendant did, in fact, *attempt* to commit the offense, but did not complete it. See *Kowalski*, 489 Mich at 501. Thus, defendant's claim on appeal is completely unsupported by the record.

Furthermore, the attempt instructions that remained available for the jury's consideration were consistent with M Crim JI 9.2, which provides an instruction for attempt when that crime is being considered as a lesser offense, as in this case.[3] M Crim JI 9.2 accurately states the applicable law of attempt as a lesser offense, see *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993), and the trial court's use of this instruction was proper. The sentence that the trial court removed from the instructions is consistent with M Crim JI 9.1(4), which is an appropriate instruction for attempt when it *is not being considered as a lesser offense*. Of course, that instruction was not appropriate in this case. M Crim JI 9.1(4) is proper—and it is intended to be used—in situations where a defendant has been charged with attempt, but not charged with the completed offense, because that instruction is intended to avoid acquittal of a defendant who is "too guilty." See *Jones*, 443 Mich at 103 ("To compel acquittal of an attempt because the completed offense was proved would result in the anomalous situation of a defendant going free not because he was innocent, but for the very strange reason that he was too guilty. . . . Therefore, every court, not otherwise bound by statute, that has considered the matter in recent years has refused to require that a defendant be acquitted of an attempt because he was guilty of completing what he had set out to do." [Quotation marks and citations omitted.]) Thus, the trial

cognate lesser offense, not a necessarily included lesser offense). Nevertheless, "MCL 768.32(1) expressly authorizes an instruction for an 'attempt' of a charged offense, even though an attempt may otherwise constitute a cognate offense. Where warranted by the evidence, such an instruction must be provided." *People v Smith*, 483 Mich 1112; 766 NW2d 832 (2009) (Markman, J., concurring). Likewise, we note that the Michigan Supreme Court held that an instruction on a cognate lesser offense is not permitted under MCL 768.32(1) in *People v Cornell*, 466 Mich 335, 359; 646 NW2d 127 (2002), overruled in part on other grounds by *People v Mendoza*, 468 Mich 527 (2003), but it explicitly declined to examine attempt instructions under that statute because such an instruction was not at issue in the case, *id.* at 354 n 7.

[3] MCR 2.512(D)(2) provides that pertinent portions of the model jury instructions "must be given in each action in which jury instructions are given if (a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party."

court did not err in removing the errant sentence from the instructions because it was not applicable in this case. See *Dupree*, 486 Mich at 702.

Lastly, as the trial court noted, we agree that retaining the erroneous instruction would have amounted, in effect, to an improper instruction endorsing jury nullification. "Jury nullification is the power to dispense mercy by nullifying the law and returning a verdict less than that required by the evidence." *People v Demers*, 195 Mich App 205, 206; 489 NW2d 173 (1992). Although the jury has the power to employ jury nullification by "dispens[ing] mercy [or] reach[ing] conclusions contrary to the weight of the evidence," it does not have "the right to do so." *People v Bailey*, 451 Mich 657, 671 n 10; 549 NW2d 325 (1996), amended 453 Mich 1204 (1996); see also *Demers*, 195 Mich App at 207; *People v St Cyr*, 129 Mich App 471, 473-474; 341 NW2d 533 (1983). Consistent with this principle, juries are not instructed on jury nullification. *People v Torres*, 222 Mich App 411, 420; 564 NW2d 149 (1997); *People v Ramsey*, 422 Mich 500, 531; 375 NW2d 297 (1985). Therefore, because instructions regarding jury nullification are not provided by Michigan courts, the trial court properly modified the jury instructions in this case. See *Jones*, 497 Mich at 169 (stating that the trial court "has a duty to accurately instruct the jury regarding the law applicable to the facts." [Quotation marks and citation omitted.])

## III. CONCLUSION

Defendant has failed to establish that the trial court improperly modified the jury instructions, or that the trial court effectively denied his requested instruction on attempted resisting and obstructing a police officer.

Affirmed.

/s/ Patrick M. Meter
/s/ Mark T. Boonstra
/s/ Michael J. Riordan