PEOPLE v CROOKS

Docket No. 81079. Submitted December 9, 1985, at Lansing. Decided
    May 5, 1986. Leave to appeal applied for.
    Dennis R. Crooks, a prison inmate, was convicted of possession of
    a weapon by an inmate, Washtenaw Circuit Court, Patrick J.
    Conlin, J., and was sentenced to from three to five years
    imprisonment to be served consecutively to his existing sen-
    tence. Defendant appealed. *Held:*
        1. The defense of duress is not available to the crime of
    possession of a weapon by a prison inmate.
        2. The sentence shocked the conscience of the Court.
    Conviction affirmed and case remanded for resentencing.

PRISONS AND PRISONERS — WEAPONS — POSSESSION OF A WEAPON BY A
    PRISONER — DEFENSES — DURESS.
    The defense of duress is not available to the crime of possession
    of a weapon by a prison inmate (MCL 800.283; MSA 28.1623).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Pros- ecuting Attorney, and *Larry L. Burgess,* Assistant Prosecuting Attorney, for the people.

*Elizabeth L. Lutton,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and HOOD, JJ.

D. E. HOLBROOK, JR., P.J. Defendant was con- victed following a jury trial of possession of a weapon by a prison inmate, MCL 800.283; MSA

REFERENCES
Am Jur 2d, Penal and Correctional Institutions §§ 17-31.
Liability of prison authorities for injury to prisoner directly caused
    by assault by other prisoner. 41 ALR3d 1021.
See also the annotations in the ALR3d/4th Quick Index under
    Prisons and Convicts.

28.1623. He was sentenced to a term of from three to five years imprisonment to be served consecutively to his existing sentence. Defendant now appeals as of right. The sole issue on appeal is whether the defense of duress is available to defendant.

This is an issue of first impression in Michigan. Defendant presented testimony at trial to show that he was only carrying the weapon (a sharpened metal rod) as self-protection. Apparently defendant was being threatened and sexually harassed. The prison officials could only offer protection by locking defendant up for his own protection. Defendant felt that those who were threatening him should be the ones locked up and he refused to go into protective custody. Once defendant had talked to authorities, his life was then in danger. Defendant then wished to utilize the defense of duress at trial. The trial court denied defendant's request to use this defense and refused to give jury instructions on duress.

We are aware that duress is a defense to the crime of prison escape. See MCL 768.21b(4); MSA 28.1044(2)(4) and *People v Mendoza,* 108 Mich App 733; 310 NW2d 860 (1981). Defendant asks us to extend this defense to inmates carrying a concealed weapon. While we empathize with defendant's predicament, we cannot permit this defense to be used.

> To grant judicial sanction to the otherwise unlawful possession of a deadly weapon by prisoners, *whatever the reason* would undoubtedly result in murder, mayhem and utter chaos throughout our entire penal institutions, with which authorities would be unable to cope. [*Mungin v State,* 458 So 2d 293, 297 (Fla App, 1984). Emphasis in *Mungin.*]

We are aware that there are exceptional circumstances under which this defense could be raised;[1] however no exceptional circumstances are present in the instant case.

Furthermore, defendant was offered protective custody. While defendant may not have desired protective custody, it was a reasonable and safe option for defendant. This is not a situation where the authorities did not try to help. Rather, the authorities expressed willingness to aid defendant and defendant refused their offer of help.

However, we find the sentence of from three to five years to be served consecutively to be shocking to our judicial conscience. *People v Coles*, 417 Mich 523; 339 NW2d 440 (1983). We find this sentence to far exceed what a reasonable person would perceive to be an appropriate response to the crime committed and the criminal who committed it. *People v Ross*, 145 Mich App 483; 378 NW2d 517 (1985). Under the facts of this case the sentence imposed is far too severe and we remand for resentencing.

Accordingly, we find no error in the trial court's refusal to allow the defense of duress. Defendant's conviction is affirmed, although we remand for resentencing.

Affirmed in part and remanded.

HOOD, J., concurs in result only.

---

[1] In *Mungin v State*, 458 So 2d 293 (Fla App, 1984), the defendant inmate wrestled a weapon from his attacker and then utilized it for self-protection. This defendant inmate was then permitted to use duress as his defense for "the temporary possession of a weapon taken from the possession of a would-be aggressor when it is used to defend the attacked inmate against the imminent peril of death or serious bodily injury." *Id.*, p 297.