PEOPLE v RAU

Docket No. 101452. Submitted June 22, 1988, at Grand Rapids. Decided January 17, 1989.

Thomas J. Rau, an inmate at the Michigan Reformatory at Ionia, was found to have a small metal rod, sharpened at one end and with tape and nylon cord wrapped around the handle. He was charged in Ionia Circuit Court with possession of a dangerous weapon by an inmate and, following a jury trial, was convicted, James L. Banks, J. He was sentenced to from two to five years in prison, to be served consecutively to his current sentence. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's argument that he was denied a fair trial by the prosecution's failure to give notice at least thirty days before trial that a specific person would be a witness was not preserved for appeal. Defendant failed to make a timely objection at trial, and no miscarriage of justice will result from not considering this issue on appeal. Defendant was not prejudiced by the two-day delay.

2. The trial court properly excluded the defense of duress from consideration by the jury. Defendant failed to show any factual basis for the defense.

3. The statute under which defendant was convicted does not violate the title-object clause of the Michigan Constitution.

4. The sentence imposed does not shock the judicial conscience.

Affirmed.

1. CRIMINAL LAW — PRISON INMATES — POSSESSION OF DANGEROUS WEAPONS — DEFENSES — DURESS.

The defense of duress was properly excluded from consideration by the jury in a trial where the defendant was charged with being an inmate in possession of a dangerous weapon and failed

REFERENCES

Am Jur 2d, Penal and Correctional Institutions §§ 18, 19; Weapons and Firearms § 28.

See the Index to Annotations under Prisons and Prisoners; Weapons and Firearms.

to show a factual basis of immediate threat for his claim of duress; furthermore, duress has not been specifically recognized by the Legislature as a defense to a charge of being an inmate in possession of a dangerous weapon (MCL 800.283; MSA 28.1623).

2. CRIMINAL LAW — CONSTITUTIONAL LAW — PRISON INMATES —
	POSSESSION OF DANGEROUS WEAPONS — TITLE-OBJECT CLAUSE.
	The statute making it a crime for an inmate to be in possession of a dangerous weapon does not violate the title-object clause of the Michigan Constitution (Const 1963, art 4, § 24; MCL 800.283; MSA 28.1623).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gary M. Gabry,* Prosecuting Attorney, and *J. Ronald Kaplansky,* Assistant Attorney General, for the people.

*David A. Hoort,* for defendant on appeal.

Before: MACKENZIE, P.J., and BEASLEY and M. G. HARRISON,* JJ.

M. G. HARRISON, J. Defendant appeals as of right his conviction by jury trial of possession of a dangerous weapon by an inmate, MCL 800.283; MSA 28.1623. Defendant was sentenced to from two to five years, to be served consecutively to his current term. We affirm.

Defendant is an inmate at the Michigan Reformatory at Ionia. On July 17, 1986, prison guards were informed by another inmate that defendant had a weapon. They searched defendant and found a small metal rod, sharpened at one end and with tape and nylon cord wrapped around the handle. Prior to trial defendant gave notice of his intention to assert the defense of duress. The trial court ruled by pretrial motion that the evidence of the defense of duress would not be admitted at trial

* Circuit judge, sitting on the Court of Appeals by assignment.

and also refused to instruct the jury on this defense. Defendant raises four issues on appeal.

Defendant first argues that he was denied a fair trial by the prosecution's failure to give notice of witness Deborah Conrad at least thirty days before trial, as required by MCL 767.40a; MSA 28.980(1). The delay here was two days. Defendant has failed to preserve this issue for appeal by a timely objection at trial and therefore reversal is not required unless the error complained of has resulted in a miscarriage of justice. MCL 769.26; MSA 28.1096. It is clear from the record that no miscarriage of justice resulted in the instant case. The sole purpose of Conrad's testimony was to establish that defendant was an inmate at the time of the incident, a fact defendant freely admitted at trial. Moreover, defendant has failed to indicate any prejudice due to the delay. We find no miscarriage of justice.

Defendant next asserts that the trial court abused its discretion by precluding him from presenting evidence on the defense of duress and by refusing to instruct the jury on this defense. We disagree. A weapon was confiscated from defendant during a routine search by authorities and while defendant was clearly under no threat of imminent peril of death or serious bodily injury. Defendant had apparently been threatened by an "unknown" inmate in a dispute over locker space in the prison. The unknown inmate was supposedly going to "get" defendant at the cafeteria at some later date. However, the unknown inmate later told defendant that "he didn't want no smoke" (trouble). This occurred prior to the search of defendant which produced the weapon.

The trial court ruled, in limine, that even if the defense were available, defendant had failed to show any factual basis for that defense. Since

defendant was unable to show a factual basis of immediate threat for his claim of duress at the pretrial hearing on the prosecution's motion, the trial court properly excluded the defense of duress from consideration by the jury. See *People v Hocquard,* 64 Mich App 331, 338-339; 236 NW2d 72 (1975), lv den 397 Mich 833 (1976).

We are aware of this Court's decision in *People v Perry,* 145 Mich App 778; 377 NW2d 911 (1985), lv den 424 Mich 857 (1985). However, that decision turned on the issue of what constituted possession. *People v Blair,* 157 Mich App 43; 403 NW2d 96 (1987), also reached a contrary result on facts similar to those in the matter before us. We decline, however, to follow that panel's analysis. The *Blair* Court based its holding on *People v Luther,* 394 Mich 619; 232 NW2d 184 (1975), which allowed the defense of duress for the offense of prison escape. As a rule, there is no threat to individuals' safety by an escape. Moreover, duress has been specifically authorized by statute as a defense to prison escape. MCL 768.21b(4); MSA 28.1044(2)(4). The Legislature has not seen fit to extend such a defense to the instant offense, and we decline to do so.

On public policy grounds, we cannot sanction the possession of deadly weapons by inmates. To do so would invite an unwarranted threat to the safety of prison personnel and other inmates. In a prison setting there would be virtually no control over such weapons. To allow such would be to leave the door wide open for possession of life-threatening objects with later fabrication of the defense. The recent deaths of prison guards adequately demonstrate the folly of this approach. A ruling by this Court to extend the defense of duress to possession of weapons will in our opinion exacerbate a constant threat in a volatile situa-

tion. Absent exceptional circumstances such as those referred to in *People v Crooks,* 151 Mich App 389; 390 NW2d 250 (1986), lv den 426 Mich 870 (1986), citing *Mungin v State,* 458 So 2d 293, 297 (Fla App, 1984), an inmate should not possess a weapon.

Defendant also claims that the statute under which he was charged violates the title-object clause of the Michigan Constitution. The title-object clause of Const 1963, art 4, § 24 provides: "No law shall embrace more than one object, which shall be expressed in its title." Defendant argues that to proscribe as to all persons the bringing of contraband into prisons is the object of the statute under which he was convicted, and that, when adding the section concerning punishment of inmates for possession of weapons, the Legislature also added another object which violates the title-object clause of the constitutional provision quoted above. We disagree.

The title of the liquor, narcotics and weapons act, MCL 800.281 *et seq.*; MSA 28.1621 *et seq.*; provides:

> AN ACT to prohibit or limit the access by prisoners and by employees of correctional facilities to certain weapons and to alcoholic liquor, drugs, medicines, poisons, and controlled substances in, on, or outside of correctional facilities; to prohibit or limit the bringing into or onto certain facilities and real property, and the disposition of, certain weapons and substances; to prohibit or limit the selling, giving, or furnishing of certain weapons and substances to prisoners; to prohibit the control or possession of certain weapons and substances by prisoners; and to prescribe penalties.

The section under which defendant was convicted provides:

Unless authorized by the chief administrator of the correctional facility, a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to injure a prisoner or other person, or to assist a prisoner to escape from imprisonment. [MCL 800.283(4); MSA 28.1623(4).]

A statute is presumed constitutional and should be construed reasonably. *Rohan v Detroit Racing Ass'n,* 314 Mich 326, 342; 22 NW2d 433 (1946); *Hildebrand v Revco Discount Drug Centers,* 137 Mich App 1, 6; 357 NW2d 778 (1984), lv den 422 Mich 920 (1985). The primary purpose of the title-object rule is to avoid having diverse, unrelated subjects in one act. *Maki v City of East Tawas,* 385 Mich 151, 157; 188 NW2d 593 (1971).

The purpose of the present act's predecessor has been declared to be to keep prisons free of contraband. *People v Stanton,* 400 Mich 192, 193; 253 NW2d 650 (1977); *People v Goulett,* 103 Mich App 381, 382-383; 303 NW2d 21 (1981). Both the title and the section under which the defendant was convicted were amended in 1982 to proscribe possession of contraband by inmates as well as to prohibit others from bringing contraband into prisons. The sole purpose is still the same: to keep the prisons free of contraband, whether the source of the contraband be inmates or others. As such, the act does not violate the title-object clause of the constitution.

Finally, defendant maintains that the two- to five-year sentence imposed upon him for the instant conviction should shock our judicial conscience. *People v Coles,* 417 Mich 523, 550; 339 NW2d 440 (1983). We find this claim to be frivolous considering the circumstances and defendant's record. In fact, in our opinion, to assert that a

minimum sentence of two years for a person already imprisoned is excessive stretches credulity. The instant sentence is clearly not so excessively severe that it exceeds what all reasonable persons would perceive to be an appropriate social response to the crime committed and the criminal who committed it. See *People v Ross,* 145 Mich App 483, 495; 378 NW2d 517 (1985).

Defendant's conviction and sentence are affirmed.