PEOPLE v ANDREWS

Docket No. 134683. Submitted December 3, 1991, at Grand Rapids. Decided February 3, 1992, at 9:10 A.M. Leave to appeal sought.

Dwight E. Andrews pleaded guilty in the Branch Circuit Court, Michael H. Cherry, J., of possession of a dangerous weapon by an inmate. The defendant appealed, arguing that the trial court erred in refusing to allow him to present the defense of duress.

The Court of Appeals *held:*

Duress is not a defense to a charge of being an inmate in possession of a dangerous weapon.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *John L. Livesay,* Prosecuting Attorney, and *Charles D. Hackney,* Assistant Attorney General, for the people.

State Appellate Defender (by *P. E. Bennett),* for the defendant on appeal.

Before: WAHLS, P.J., and SHEPHERD and NEFF, JJ.

SHEPHERD, J. Defendant pleaded guilty of being a prisoner in possession of a weapon, MCL 800.283(4); MSA 28.1623(4), and was sentenced to two to five years in prison. Defendant possessed a toothbrush with a razor blade fastened to the end. He claims that "he had this weapon for protection from another inmate after prison officials would not help or protect [him]." He appeals as of right, arguing that the trial court erred in refusing to allow him to present a defense of duress. We affirm.

Defendant initially argues that this issue was not waived by his guilty plea, but nowhere asserts in his brief that the prosecutor agreed to a conditional plea. Instead, defendant points to the trial court's statement that, by his guilty plea, defendant did not give up his right to "appeal his conviction and sentence." Defendant contends that this was "an assurance or guarantee that [defendant] could raise this issue on appeal." A conditional plea requires the agreement of the defendant, the prosecutor, and the judge. *People v Kelley,* 181 Mich App 95, 97; 449 NW2d 109 (1989). Defendant has not persuaded us that this was in fact a conditional plea. Nor has defendant even addressed whether this issue involves more than the capacity of the state to prove defendant's guilt. Unless it does, i.e., unless it "implicates the very authority of the state to bring a defendant to trial," the issue is waived by the guilty plea. *People v New,* 427 Mich 482, 491; 398 NW2d 358 (1986).

Assuming without deciding that this issue is not waived, we find no error in the trial court's ruling in its pretrial order of April 27, 1990, denying defendant's motion to be allowed to present the defense of duress. The trial court did so on the basis of "public policy grounds" and cited this Court's decision in *People v Rau,* 174 Mich App 339; 436 NW2d 409 (1989), among others. In *Rau,* this Court recognized that the defense of duress was not allowed with respect to the charge of being a prisoner in possession of a weapon. In *People v Blair,* 157 Mich App 43; 403 NW2d 96 (1987), the Court borrowed the common-law duress analysis from prison escape cases. The *Rau* panel declined to follow *Blair* and distinguished possession of a weapon from the offense of prison escape. Prison escape is now subject to a statutory duress

defense. MCL 768.21b(4); MSA 28.1044(2)(4). The Legislature has not seen fit to prescribe such a defense to the charge of possession of a weapon by an inmate, and possession of a weapon generally poses much more of a threat to inmates and prison personnel. "On public policy grounds," the *Rau* panel could not "sanction the possession of deadly weapons by inmates." *Rau, supra,* p 342. The trial court recognized this split of authority and chose what we consider the proper line of cases.

We need not discuss the matter in further detail. Suffice it to say that we are persuaded that *Rau* represents the better view. See also *People v Travis,* 182 Mich App 389, 392-394; 451 NW2d 641 (1990). Accordingly, we hold that duress is not a defense to the crime of possession of a weapon by an inmate.

Affirmed.