**UNITED STATES of America,**
Plaintiff,

v.

**Derrick GIBSON, Defendant.**

**No. 03–20028–BC.**

United States District Court,
E.D. Michigan,
Northern Division.

Dec. 2, 2003.

777

Michael J. Hluchaniuk, U.S. Attorney, U.S. Attorney's Office, Bay City, MI, for Plaintiff.

Daniel G. Van Norman, Lapeer, MI, for Defendant.

***OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT AND DESIGNATING HIM AN ARMED CAREER CRIMINAL***

LAWSON, District Judge.

The defendant, Derrick Gibson, entered a guilty plea on August 18, 2003 to a single-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Prior to the plea hearing, the government notified the defendant of its intent to designate the defendant as an "armed career criminal" and seek to apply the more sever sentencing provisions of 18 U.S.C. § 924(e). The Court accepted the defendant's guilty plea and referred the matter to the probation department for a presentence investigation and report. The presentence report (PSR) was filed and served on defense counsel. As predicted, the PSR contained a recommendation designating the defendant as an armed career criminal, and it calculated his sentencing guideline range accordingly.

The defendant filed timely objections to the report, which focused exclusively on the armed career criminal designation. The defendant argued that two of his prior convictions did not qualify as predicate offenses under the Armed Career Criminal Act (ACCA). The Court held a hearing on the objections and heard the argument of the parties through their respective counsel in open court on November 26, 2003. The Court now holds that the defendant is properly designated an armed career criminal subject to the sentencing provisions of 18 U.S.C. § 924(e)(1).

I.

The indictment in this case charges that the defendant, being a person who has previously been convicted of an offense punishable by a term of imprisonment in excess of one year, did on May 21, 2003 possess a firearm in or affecting commerce. The defendant admitted to the truth of this charge at his plea hearing.

The ACCA, 18 U.S.C. § 924(e), authorizes an enhanced prison term for a defendant who is (1) convicted of being a felon in possession of a firearm and (2) has "three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The government carries the burden of proving by a preponderance of the evidence that an enhancement is appropriate. *United States v. Feinman,* 930 F.2d 495, 500 (6th Cir.1991).

The defendant agrees that his record of prior convictions consists of (1) a 1985 burglary conviction, (2) a 1987 burglary conviction, (3) a 1990 conviction for posses-

sion of a weapon while in prison, and (4) a 1993 conviction for possession of a weapon while in prison. The defendant acknowledges that the two burglary convictions qualify as "violent felonies," as that term is defined in the ACCA. His objection is directed to the designation of the two weapons offenses as qualifying felonies.

## II.

The ACCA defines violent felony as:

[A]ny crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). In determining whether the defendant's convictions for possessing weapons while a prisoner are violent felonies under the ACCA, the court must conduct a "formal categorical approach, looking only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions." *Taylor v. United States,* 495 U.S. 575, 600, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. Kaplansky,* 42 F.3d 320, 322 (6th Cir.1994) (en banc) (holding that "courts should look to the statutory definition of the crime charged, rather than the actual facts of the individual's prior conviction" to determine whether the crime qualifies as a violent felony under the ACCA).

Although neither the presentence report nor the government's armed career criminal notice provides the Court with the Michigan statute under which the defendant was twice convicted for being a prisoner in possession of a weapon, the gov-

ernment submitted two exhibits at the hearing, which consist of the charging documents for the defendant's two prior weapons offenses, that contain the statutory reference. Those criminal informations charged the defendant with violating Mich. Comp. Laws § 800.283(4) on both occasions. That statute, presently and in 1993 when the defendant was last convicted, states that "[u]nless authorized by the chief administrator of the correctional facility, a prisoner shall not have in his or her possession or under his or her control a weapon or other implement which may be used to *injure a prisoner or other person,* or to assist a prisoner to escape from imprisonment." (emphasis added). A person convicted of violating this statute may be sentenced to a minimum of two years imprisonment. *See People v. Rau,* 174 Mich.App. 339, 344–45, 436 N.W.2d 409, 412 (1989). *Cf. People v. Crooks,* 151 Mich.App. 389, 391, 390 N.W.2d 250, 252 (1986) (holding that a sentence of from three to five years for violating Mich. Comp. Laws § 800.283(4) is too severe; case remanded for resentencing).

The Michigan statute does not define a crime that has as "an element the use, attempted use, or threatened use of physical force against the person of another," nor does it fall with the list of crimes specifically enumerated in 18 U.S.C. § 924(e)(2)(B) (i.e. "burglary, arson, or extortion"), nor does it involve the use of explosives. The defendant's two weapons offenses will qualify as a predicate offense under Section 924(e) only if it is found to "otherwise involve[ ] conduct that presents a serious potential risk of physical injury to another." *Ibid.*

There is no Sixth Circuit authority on the subject. However, other circuits that have considered convictions under similar state statutes have concluded that the possession of a weapon by a prisoner is a

crime that presents a serious potential risk of physical injury to another. For instance in *United States v. Young,* 990 F.2d 469 (9th Cir.1993), the court held that a California statute that punished weapons possessions by prisoners was a qualifying offense under Section 924(e). The court distinguished statutes that punished felons possessing weapons outside of prison, reasoning that, although illegal, the felon may have a legitimate purpose for the firearm, such as target shooting. No such recreational purpose could be imagined in a prison setting, compelling the court to conclude that "[b]y its nature ... the possession of a deadly weapon by a prison inmate presents a serious potential risk of physical injury to another." *Id.* at 472.

The court adopted similar reasoning in *United States v. Romero,* 122 F.3d 1334 (10th Cir.1997), and held that the defendant's prior conviction for conveying a weapon in a federal prison in violation of 18 U.S.C. § 1791, was a "violent felony" under the ACCA. The court noted that the definition of "violent felony" in the ACCA did not require proof of actual injury having occurred. Rather, the definition required only the "serious *potential* risk of injury to another." *Id.* at 1341. In *United States v. Vahovick,* 160 F.3d 395 (7th Cir.1998), the court observed that "there is simply no acceptable use for a weapon by an inmate," and held that possession of a weapon in a prison setting in violation of federal law "is conduct overtly implying its use, and is thus, a crime of violence." *Id.* at 397.

This Court agrees with the reasoning of the Seventh, Ninth, and Tenth Circuit Courts. The conclusion is fortified by the language of the Michigan statute, which proscribes possession of "a weapon or other implement which may be used to *injure a prisoner or other person.*" Mich. Comp. Laws § 800.283(4) (emphasis added). The items proscribed by this statute are specif-

ically defined as those that have the potential of causing injury. There would be no legitimate, recreational, or innocent purpose for possessing such an item in the prison setting.

The defendant cites two Fifth Circuit cases and a district court case in support of his contrary argument. Those decisions are easily distinguishable. In *United States v. Charles,* 301 F.3d 309 (5th Cir. 2002), the court considered whether simple motor vehicle theft under Texas law was a crime of violence as defined in the United States Sentencing Guidelines. The court held that such a determination is to be made only in accordance with the definition in U.S.S.G. Section 4B1.2(a) and its accompanying commentary. *Id.* at 312. Section 4B1.2(a) tracks the language of the ACCA stating that a "crime of violence" is any offense under federal or state law punishable by imprisonment for a term exceeding a year that, among other things, "involves conduct that presents a serious potential risk of physical injury to another." The court followed the same rationale in *United States v. Turner,* 305 F.3d 349 (5th Cir.2002), the other Fifth Circuit case cited by the defendant. This Court agrees with the methodology espoused by those appellate courts. Following it, however, leads to the conclusion that weapons possession by a prisoner qualifies as a "crime of violence."

The other case cited by the defendant is *United States v. Robinson,* 27 F.Supp.2d 1116 (S.D.Ind.1998), in which the court determined that the crime of being a felon in possession of a firearm is not a "crime of violence" for purposes of determining whether the defendant may be denied bail pursuant to the Bail Reform Act, 18 U.S.C. § 3156(a)(4). The court held that the provisions of the Act authorizing detention before trial should not be read expansively because the Act carefully limited the cir-

cumstances under which detention may be sought to the most serious crimes. *Id.* at 1118–20. The Court agrees that a felon-in-possession conviction outside the prison setting likely would not qualify as a predicate offense under the ACCA. However, the added element of the prison setting transforms a simple weapons possession crime into one that carries the serious risk of violence and injury to another, for all the reasons outlined earlier. *Robinson's* reasoning, therefore, has no application in the context of this case.

### III.

The Court concludes that a conviction for violating Mich. Comp. Laws § 800.283(4) constitutes a "violent felony" within the meaning of 18 U.S.C. § 924(e)(1). Taken together with the defendant's two prior burglary convictions, the defendant has accumulated three or more violent felony convictions, rendering him an armed career criminal subject to the sentencing enhancement provisions of 18 U.S.C. § 924(e)(1).

Accordingly, it is **ORDERED** that the defendant's objections to the presentence report [dkt. # 10] are **OVERRULED.**

It is further **ORDERED** that the defendant shall be sentenced as an armed career criminal.