**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3080
_____

UNITED STATES OF AMERICA

v.

DESMOND JANQDHARI,
                                        Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 14-cr-00509-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted under Third Circuit L.A.R. 34.1(a)
May 12, 2017

Before: AMBRO, RESTREPO, and COWEN, *Circuit Judges*.

(Filed:  July 12, 2017)

_____

OPINION[*]
_____

RESTREPO, *Circuit Judge*.
        Defendant Desmond Janqdhari, an inmate at the Federal Detention Center

("FDC") in Philadelphia, was convicted by a jury of possession of contraband in prison,

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

18 U.S.C. §§ 1791(a)(2), (b)(3). Officers had found Janqdhari in possession of a "shank" during a patdown search. At trial, Janqdhari represented himself with the assistance of standby counsel. After he was convicted and sentenced, he appealed, and this Court appointed appellate counsel.

Appellate counsel has submitted a brief pursuant to *Anders v. State of California*, 386 U.S. 738 (1967), advising that there are no non-frivolous grounds for appeal, and requesting to withdraw as counsel.[1] For the reasons that follow, we will affirm Janqdhari's conviction and sentence.

## I[2]

When, as here, defense counsel believes that a criminal appeal is "wholly frivolous, after a conscientious examination" of the defendant's case, "he should so advise the [appellate] court and request permission to withdraw." *Anders*, 386 U.S. at 744. Then, defense counsel should submit "a brief referring to anything in the record that might arguably support the appeal." *Id.* We will grant defense counsel's motion to withdraw and affirm a defendant's conviction and sentence if counsel's *Anders* brief "adequately fulfill[s] the requirements of Third Circuit Local Appellate Rule 109.2(a)," and our independent review of the record reveals only frivolous issues. *Simon v. Gov't of V.I.*, 679 F.3d 109, 114 (3d Cir. 2012).

---

[1] Although Janqdhari was permitted under Third Circuit Local Appellate Rule 109.2(a) to file a *pro se* brief in response to counsel's *Anders* brief, he did not do so in this case.

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Thus, we ask first whether counsel's brief satisfies the requirements of *Anders*. To do so, pursuant to Local Appellate Rule 109.2(a), defense counsel must "thoroughly examine[] the record in search of appealable issues" and "explain why [those] issues are frivolous." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). At this first step under *Anders*, "we will reject briefs . . . in which counsel argue the purportedly frivolous issues aggressively without explaining the faults in the arguments, as well as those where we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client."[3] *Id.* (quoting *Marvin*, 211 F.3d at 781).

But even where we find counsel's brief inadequate, we may still affirm the District Court if the issues that could have been raised are frivolous. *See United States v. Coleman*, 575 F.3d 316, 321 (3d Cir. 2009); *Marvin,* 211 F.3d at 781.

**A**

To start, we will examine each of the five issues raised in counsel's *Anders* brief. First, counsel explains that any challenge to the District Court's jurisdiction would fail, as jurisdiction was statutorily granted under 18 U.S.C. § 3231. We agree that any jurisdictional challenge is frivolous.

Second, counsel explains that any challenge to the sufficiency of the evidence is frivolous. Again, we agree. Our standard of review for such challenges is deferential.

---

[3] We would expect that where a criminal matter goes to a jury trial, it will be the rare case that offers defense counsel no appealable issues whatsoever. Indeed, at the conclusion of this case, the District Court judge stated, "I think there[] . . . could be some legal issues arising out of the trial." App. 184a.

*United States v. Ozcelik*, 527 F.3d 88, 93 (3d Cir. 2008). Here, there was more than enough evidence to convict Janqdhari of the charged offense: he was caught with a "shank," a prohibited item, while in prison. We have affirmed similar convictions against sufficiency-of-the-evidence challenges. *See United States v. Holmes*, 607 F.3d 332, 335 (3d Cir. 2000).

Third, counsel addresses the exclusion of witnesses. Shortly before trial, Janqdhari sought to secure witnesses to help prove that he possessed the shank under duress and that he was in a weakened medical state during the patdown. The District Court informed Janqdhari that if he wanted to call those witnesses, he had to establish the relevance of their testimony and he would need to supply address information so they could be subpoenaed.[4] Janqdhari took no such action in the days leading up to trial. Toward its end, he again expressed his desire to subpoena witnesses. The District Court denied his request, because Janqdhari had failed to provide the necessary information about the witnesses in a timely fashion, despite the Court's warnings, and because their testimony was of questionable relevance.

Counsel argues that this issue is frivolous because the District Court lacked sufficient information to subpoena Janqdhari's witnesses. He further urges that the testimony was irrelevant because the intended witnesses did not see what occurred during

---

[4] The District Court authorized additional funding for Janqdhari's court-appointed investigator in order to help locate address information for Janqhari's proffered witnesses, and it urged Janqdhari to work with his standby counsel and the investigator to gather the information and request subpoenas.

the seizure of the shank.  While we disagree to an extent with counsel's reasoning,[5] we agree with counsel's conclusion that this issue is frivolous.  Although the District Court gave Janqdhari careful instructions, with ample notice, on the steps he needed to take in order to introduce his witnesses, Janqdhari waited to present an offer of proof until the trial had nearly concluded.  We afford trial judges broad discretion in admitting witness testimony.  *See United States v. Mathis*, 264 F.3d 321, 335 (3d Cir. 2001).  We perceive no abuse of that discretion here.

Fourth, counsel states that there is no appealable issue with respect to the failure to charge the jury on duress.  He argues that the record did not support such a charge because Janqdhari "presented no evidence that he lacked viable alternatives to his illegal conduct." *Anders* Br. 13.  Therefore, counsel contends, there was no obligation to give such an instruction.  We agree that the record did not support a charge on duress, and that a challenge to the District Court's jury charge with respect to duress is frivolous.[6]  Any error was harmless.

Fifth, counsel submits that there is no appealable issue as to the legality or reasonableness of Janqdhari's sentence.  He notes that the sentence was below the

---

[5] The testimony is not irrelevant simply because the witnesses did not see the seizure of the shank.  Janqdhari's proffered witness testimony may not have been as probative as if witnesses had seen the seizure of the shank, but it might still have been relevant to a duress defense if the witnesses saw events leading up to the seizure.

[6] We note, however, that while there is no Third Circuit law on point, other courts have disagreed as to whether duress can apply to charges of possession of a weapon in prison.  *Compare United States v. Chambers*, 2009 WL 1208015, at *1 (E.D. Ky. May 1, 2009) (permitting duress defense), *with People v. Rau*, 436 N.W.2d 409, 411 (Mich. Ct. Ap. 1989) (rejecting duress defense).

statutory maximum for the offense. He further states that while Janqdhari objected to the calculation of the Guidelines range because there was no proof that the object he possessed was a weapon, such a challenge is without merit since the object was "designed as and intended to be used as a weapon." *Anders* Br. 14. Next, counsel notes that Janqdhari did not request a downward departure from the Guidelines range and that none was merited. Finally, he states that there was "no evidence indicating that the court did not apply Section 3553(a) in deciding the sentence." *Id.* at 15.

We agree that this issue lacks merit. There was no clear objection to the sentence in the record, and thus we review for plain error. *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001) (explaining that plain error requires a finding that: (1) "an error was committed," (2) which was "clear or obvious," and that (3) "the error affected the defendant's substantial rights"). We see no plain error in sentencing, and we agree this issue is frivolous.

**B**

Counsel's briefing touched on several legal issues raised during the course of trial and sentencing. However, counsel overlooked one of Janqdhari's strongest arguments: the admission of an audio recording of a conversation between Janqdhari and his wife/girlfriend.[7] When, as here, "we are not satisfied that counsel adequately attempted to uncover the best arguments for his or her client," *Youla*, 241 F.3d at 300 (quoting

---

[7] The record is unclear as to whether the woman on the line was Jandqhari's wife or his girlfriend.

*Marvin*, 211 F.3d at 781), the brief is inadequate, and we may examine the record ourselves.

The audio tape at issue was a recorded phone call from the FDC.[8] The tape's admissibility was clearly an issue; it was the subject of a motion *in limine* filed by the government. Before trial, Janqdhari read in open court his response opposing admission of the tape. In addition to presenting reasonable arguments as to the probative versus prejudicial elements of the tape, the parties disputed whether spousal privilege applied to the call. Indeed, even the District Court cautioned the government against introducing the call in light of the other convincing testimony presented, since the recording presented "a lot of legal issues." App. 139a.

After hearing argument, the District Court admitted the tape. But it did so with no explanation. We afford deference when the District Court has explained its balancing under Federal Rule of Evidence 403, but when it has not, we perform the balancing ourselves. *Egan v. Del. River Port Auth.*, 851 F.3d 263, 277 (3d Cir. 2017).

While we find the admissibility of the audio tape is Janqdhari's strongest argument, we still find the issue is not enough to survive being deemed frivolous. Ultimately, we need not decide if the tape should have been admitted, because any error admitting it was harmless. *Id.* at 276 (explaining that this Court reviews rulings on the admission or exclusion of evidence for harmless error). The government offered

---

[8] The record does not include a transcription of the call. But we do know from the record that Janqdhari told his wife/girlfriend that he had contemplated pleading guilty, but then changed his mind to go to trial so that he could make a mockery of the process and cross-examine a witness.

overwhelming evidence against Janqdhari: three FDC officials testified that they saw the shank removed from Janqhhari's waistband, and a fellow prisoner testified that he witnessed the patdown search and that the contraband was found on Janqdhari's person. Janqdhari, at his own insistence, represented himself *pro se* with a very limited defense.[9] For these reasons, we conclude that it is "highly probable that [any] error [regarding the tape's admission] did not contribute to the judgment" in this case and thus was harmless. *Id.* at 276.

## II

For the foregoing reasons, we will grant defense counsel's motion to withdraw and affirm Janqdhari's conviction and sentence.

---

[9] Janqdhari represented himself after a full colloquy about his right to counsel, and despite the District Court's repeated warnings about the pitfalls of Janqdhari's *pro se* representation.