*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MATTHEW ANTHONY PHILLIPS,

        Defendant-Appellant.

UNPUBLISHED
January 08, 2025
11:28 AM

No. 369075
St Clair Circuit Court
LC No. 22-000791-FH

Before: RIORDAN, P.J., and BOONSTRA and YATES, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order denying his motion to withdraw his plea and for a *Ginther*[2] hearing.

Defendant was sentenced, following his plea-based convictions, as a second-offense habitual offender, MCL 769.10, to concurrent terms of 10 to 15 years' imprisonment for three counts of possession of child sexually abusive material, aggravated possession, MCL 750.145c(4)(b); four to six years' imprisonment for three counts of possession of child sexually abusive material, MCL 750.145c(4)(a); and two to three years' imprisonment for two counts of resisting or obstructing a police officer, MCL 750.81d(1). We affirm.

## I. FACTS

This case arises out of child sexually abusive materials found on defendant's cellular phone after the raid of an alleged drug house in Port Huron on March 22, 2022. The Drug Task Force (DTF) had a warrant to search the property, as well as the people and cellular phones found there. Defendant was at the house that day and attempted to flee during the raid. However, he was taken into custody and his cellular phone was recovered in a "pile of debris" outside the house, where

---

[1] *People v Phillips*, unpublished order of the Court of Appeals, entered January 31, 2024 (Docket No. 369075).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

he apparently threw it. While a DTF officer was searching his cellular phone for drug activity, the officer saw what looked like child sexually abusive material. A second warrant then was issued to further allow for search of the cellular phone.

On July 12, 2022, defense counsel filed a motion to suppress the evidence found on defendant's cellular phone on Fourth Amendment grounds. However, the motion was filed after the trial court's pretrial deadline set for filing such motions.[3] At a July 25, 2022 plea hearing, the trial court agreed to conduct an evidentiary hearing on the matter in the future. Nonetheless, the trial court explained that it would proceed with the plea hearing that day:

> Well, just so you are aware, I am granting an evidentiary hearing. I am granting the evidentiary hearing because I believe it's consistent with the law to do so, however, the evidentiary hearing based on your motion is filed quite a ways after my pretrial order cut off date for motions.
>
> * * *
>
> So I am not changing the plea hearing. Your client knows what his rights are. So today is the date and time for a plea. I will give you the evidentiary hearing as requested. But because the motion was not filed consistent with my pretrial order, I'm not granting another plea hearing later on down the road in the event that it doesn't go Mr. Phillips' way. Okay.

After a break in the proceedings, during which defense counsel and the prosecution apparently discussed the terms of a possible plea agreement, defendant pleaded guilty to the aforementioned charges in exchange for dismissal of two other charges. In addition, the applicable fourth-offense sentencing enhancement was reduced to a second-offense enhancement. Defendant requested "a little bit more time" before accepting the plea agreement, but defendant then confirmed his voluntary acceptance of the agreement after the trial court denied the request and explained the mechanics of the plea process. Defendant was sentenced as noted.

Subsequently, with the assistance of appellate counsel, defendant moved to withdraw his plea and for a *Ginther* hearing. Defendant argued that "[i]f defense counsel had timely filed the suppression [motion] and held the evidentiary hearing before the time to accept plea offers pursuant to the Court's scheduling order, then Mr. Phillips could have made an informed voluntary choice to plea. Instead, Mr. Phillips has no voluntary choice, and was, in essence, forced Mr. Phillips to plead." The trial court denied both motions.

Defendant now appeals, arguing that (1) defense counsel was ineffective for failure to timely file the suppression motion and, as a result, his guilty plea was involuntary because he was forced to choose between pleading guilty or having his motion adjudicated; and (2) the trial court

---

[3] In essence, defense counsel argued that the first search warrant targeting all people and cellular phones at the drug house was unconstitutionally broad.

abused its discretion by refusing to adjourn the plea hearing until after the suppression motion was decided.

## II.  DISCUSSION

### A.  INEFFECTIVE ASSISTANCE

Defendant first argues that defense counsel was ineffective because she failed to comply with the trial court's scheduling order and untimely filed the motion to suppress evidence.  This untimeliness, defendant argues, "forced [him] to choose between having his motion heard or . . . taking a plea deal."  We disagree.

Initially, we question whether this issue is properly before us on appeal.  "[A] defendant, after pleading guilty, may raise on appeal only those defenses and rights which would preclude the state from obtaining a valid conviction against the defendant.  Such rights and defenses reach beyond the factual determination of defendant's guilt and implicate the very authority of the state to bring a defendant to trial."  *People v New*, 427 Mich 482, 491; 398 NW2d 358 (1986) (cleaned up).  In other words, following a guilty plea, a defendant only may raise "jurisdictional defenses."  *Id*. at 492 (quotation marks and citation omitted).  "[T]he introduction of evidence at trial in violation of the Fourth Amendment of the United States Constitution is not a jurisdictional defect because such claims relate solely to the gathering and the preservation of evidence and, hence, challenge only the state's ability to prove their factual guilt."  *People v Carpentier*, 446 Mich 19, 46; 521 NW2d 195 (1994) (RILEY, J., *concurring*) (quotation marks and citation omitted).  Thus, a guilty plea waives a Fourth Amendment challenge.  *New*, 427 Mich at 482.

Here, defendant argues that defense counsel was ineffective because she failed to timely file a motion to suppress, which deprived him of an opportunity to possibly have the incriminating evidence against him suppressed under the Fourth Amendment.  Because defendant could not challenge an adverse ruling from the trial court on the Fourth Amendment issue itself, it seems doubtful that he can now challenge the failure of defense counsel to obtain a Fourth Amendment ruling from the trial court in the first instance.[4]  Nonetheless, because we have granted leave to appeal and the prosecution does not argue waiver in this respect, we will address the issue raised by defendant on appeal.

The issue of effective assistance of counsel is a question of both fact and constitutional law.  *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020).  This Court reviews findings of fact for clear error and questions of constitutional law de novo.  *Id*.  Findings of fact are clearly erroneous when the reviewing court "is left with a definite and firm conviction that the trial court made a mistake."  *Id*. at 227-228 (quotation marks and citation omitted).  However, because the trial court did not hold an evidentiary hearing on the matter, our review is limited to any errors apparent on the record.  *Id*. at 227.  Further, "[t]his Court reviews a trial court's decision regarding a motion to withdraw a plea for an abuse of discretion."  *People v Bailey*, 330 Mich App 41, 49; 944 NW2d 370 (2019).  "An abuse of discretion occurs when the trial court's

---

[4] A Fourth Amendment issue may be preserved by a conditional plea, see *People v Andrews*, 192 Mich App 706, 707; 481 NW2d 831 (1992), but the guilty plea in this case was not conditional.

decision is outside the range of principled outcomes." *Id*. at 50 (quotation marks and citation omitted).

Criminal defendants are entitled to assistance of counsel through the constitutions of the United States and Michigan. US Const, Am VI; Const 1963, art 1, § 20. The right to assistance of counsel includes the right to effective assistance of counsel. *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Counsel is presumed to be effective, and the burden is on the defendant to prove any deficiencies. *People v Head*, 323 Mich App 526, 539; 917 NW2d 752 (2018). To establish ineffective assistance of counsel, the defendant must show "that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). The defendant must overcome the strong presumption that counsel's decisions were made as part of trial strategy. *Id.* at 52. This Court will not second-guess counsel on trial strategy. *People v Traver*, 328 Mich App 418, 422; 937 NW2d 398 (2019). Ordinarily, the decision of whether and when to make a motion are matters of trial strategy. *People v Rose*, 289 Mich App 499, 527; 808 NW2d 301 (2010).

Defendant argues he was deprived of the effective assistance of counsel because of his defense counsel's untimely filing of his suppression motion. Defendant's counsel admits that she filed the motion late because of "voluminous" evidence in the case, not because of any particular reason to seek an advantage on behalf of defendant. This admission, arguably, is sufficient to establish that the untimely suppression motion was not made as a matter of trial strategy. See *Trakhtenberg*, 493 Mich at 52.

Nonetheless, defendant is not entitled to relief because he has not argued, much less has shown, that the incriminating evidence against him would have been suppressed under the Fourth Amendment. In other words, defendant has not asserted that the trial court would have ruled in his favor regarding his Fourth Amendment issue. Thus, even if there was error, it was harmless. Without showing that he would be entitled to that favorable ruling, defendant cannot establish that he was prejudiced by defense counsel's failure to timely file the suppression motion. See *id.* In other words, even if defense counsel had timely filed the suppression motion, and the trial court had held an evidentiary hearing, it is entirely speculative to conclude that the trial court actually would have granted the motion to suppress. It is possible, if not more than likely, that the trial court would have denied the motion, thus leaving defendant in the same position he is in now.[5] Therefore, defendant has failed to sustain his burden of showing prejudice.

---

[5] While we do not affirmatively decide the matter, the record indicates that defendant threw away his cellular phone "into a pile of debris near a tree while he was fleeing" from the raid, and that DTF officers understand that the cellular phones of people located at drug houses often contain evidence of drug distribution. Given these apparent facts, even if defendant is correct that the first search warrant was unconstitutionally overbroad, there is a strong argument that defendant's cellular phone either was abandoned or that the incriminating evidence thereon would otherwise have been admissible at trial. See, e.g., *United States v Crumble*, 878 F3d 656, 659 (CA 8, 2018)

Further, defendant's guilty plea was made, as the record shows, voluntarily and knowingly. "When ineffective assistance of counsel is claimed in the context of a guilty plea, the relevant inquiry is whether the defendant tendered the plea voluntarily and understandingly." *People v White*, 307 Mich App 425, 431; 862 NW2d 1 (2014). Moreover, under MCR 6.302(A), a trial court must ensure that a guilty plea is "understanding, voluntary, and accurate." In this case, defendant stated at the plea hearing that he understood his rights, that he did not have to accept the plea, and that he was entering into the plea voluntarily. Defendant affirmed that he was not threatened or promised anything in exchange for pleading guilty. The trial court informed defendant that by pleading guilty he was giving up his rights that would come with a trial, including the right to an evidentiary hearing on the suppression motion. Thus, the trial court properly informed defendant and then confirmed that he was pleading understandingly and voluntarily in conformance with the trial court's obligation. See MCR 6.302(A).

Defendant's statement in his postsentencing affidavit indicating that he felt coerced is insufficient to overcome the clear statements that he made on the record affirming his understanding of the implications of a guilty plea and the voluntariness of the plea. See *White*, 307 Mich App at 432. Nothing in the record shows defendant was coerced to plead as the trial court made clear to defendant that he was free to decline taking a plea.

Defendant freely elected to plead guilty rather than risk the loss of a favorable plea deal that would reduce his potential sentence. With his plea, he surrendered his right to a decision from the trial court regarding the Fourth Amendment issues he now raises. Simply put, the guilty plea in this case operated to surrender a variety of future rights that may, or may not, have operated to defendant's benefit. Thus, the trial court did not err or otherwise abuse its discretion by accepting the guilty plea and subsequently refusing to set it aside.

## B. ADJOURNMENT

Defendant next argues that the trial court erred by failing to grant his request for an adjournment, which would have allowed him to obtain a ruling on his suppression motion before deciding whether to accept the guilty-plea terms offered by the prosecution. We disagree.

As with the previous issue raised by defendant here, we question whether this issue is properly before us. Because defendant waived any Fourth Amendment challenge on appeal by entering his guilty plea, see *New*, 427 Mich at 482, it seems doubtful that he can now circumvent

---

(concluding that the defendant abandoned his cellular phone and, as a result, "he forfeited his expectation of privacy and cannot raise a Fourth Amendment challenge to the subsequent search"); *United States v Hooper*, 482 F Supp 3d 496, 509 (ED Va, 2020) ("Here, the Court can infer from Defendant's acts that he abandoned the phone. According to Smith, when Defendant noticed law enforcement agents near the property, he left his phone and knife on the culling table and walked off the pier onto land. He did not own the pier or platform, nor the company that leased the pier. As described above, he had no reasonable expectation of privacy in the place where he left his phone.") (citations omitted).

that waiver by challenging the failure to adjourn.[6]  Nonetheless, as before, we will address the merits of defendant's arguments.

We review the trial court's decision regarding a defendant's request for an adjournment for an abuse of discretion.  *People v Coy*, 258 Mich App 1, 17; 669 NW2d 831 (2003).  Trial courts have broad authority to control their courtrooms.  *People v Johnson*, 315 Mich App 163, 177; 889 NW2d 513 (2016).  A request for an adjournment may be granted if the defendant can show good cause.  *People v Jackson*, 467 Mich 272, 276; 650 NW2d 665 (2002); MCR 2.503(B)(1).  "Some factors to be considered include whether defendant (1) asserted a constitutional right, (2) had a legitimate reason for asserting the right, (3) had been negligent, and (4) had requested previous adjournments."  *People v Lawton*, 196 Mich App 341, 348; 492 NW2d 810 (1992).  "Defendant must also demonstrate prejudice."  *Id*.

Defendant was asserting a constitutional right because he was contending that the search of his cellular phone violated the Fourth Amendment.  Moreover, defendant could legitimately assert this argument, as the trial court had granted an evidentiary hearing on the issue.  However, negligence of a defendant's attorney generally is attributable to the defendant as the attorney acts as a defendant's agent.  See *People v Carter*, 462 Mich 206, 218; 612 NW2d 144 (2000).  Thus, it could be characterized that defendant acted negligently as defense counsel admits to filing the motion to suppress late in violation of the trial court's scheduling order.  *Id*.  Given the trial court's broad authority to control its courtroom, we find the trial court did not abuse its discretion when it refused to grant an adjournment to accept a late motion filing.  As such, the trial court's decision was within the range of principled outcomes.

Even if we determined that the trial court abused its discretion, defendant fails to show he was prejudiced by the trial court's decision.  As explained, defendant has not argued, much less shown, that he would have obtained a favorable ruling on the underlying Fourth Amendment issue.  To the contrary, as we indicate, *supra*, the fact that defendant abandoned his cellular phone when he apparently threw it away while attempting to flee from the police likely is dispositive that there was no Fourth Amendment violation.  Thus, defendant has not established entitlement to relief.[7]

Finally, defendant suggests that he was denied the right to present a defense by the trial court's failure to grant an adjournment, as he had to waive his evidentiary hearing.  However, this

---

[6] Waiver is supported for the additional reason that defendant himself expressly acknowledged and agreed during the plea hearing that by entering his guilty plea, he would not receive an evidentiary hearing on the suppression motion.  See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) ("One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.") (quotation marks and citation omitted).

[7] During oral argument, appellate counsel directed our attention to *People v Gonzalez*, __ Mich __; 10 NW3d 668 (2024), in which our Supreme Court recently reiterated that "a defendant [cannot] be punished for exercising her right to trial." (Cleaned up.)  We do not believe that the trial court in this case violated that principle.

claim is unsupported in his brief on appeal. It is insufficient for an appellant to announce a position in his or her brief without developing arguments or providing any legal authority. *DeGeorge v Warheit*, 276 Mich App 587, 594-595; 741 NW2d 384 (2007). Therefore, defendant has abandoned this argument.[8]

### III. CONCLUSION

The trial court did not err or otherwise abuse its discretion by accepting defendant's guilty plea and subsequently refusing to set it aside. Nor has defendant shown that he was prejudiced by any arguable ineffective assistance of counsel. We affirm.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Christopher P. Yates

---

[8] Regardless, we note that criminal defendants "must still comply with established rules of procedure and evidence . . . ." *People v King*, 297 Mich App 465, 474; 824 NW2d 258 (2012) (quotation marks and citation omitted). The trial court may utilize a scheduling order to set time limitations for a case. *People v Grove*, 455 Mich 439, 466; 566 NW2d 547 (1997), superseded in part by court rule as stated in *People v Franklin*, 491 Mich 916 (2012); MCR 2.401(B)(1)(c). Here, the trial court held a pretrial hearing on May 23, 2022, and entered a scheduling order. The order stated that all motions had to be filed within 21 days of the pretrial conference. There was nothing procedurally improper in this regard, particularly where defendant could have received an evidentiary hearing on his suppression motion if he did not plead guilty at an earlier stage.