PEOPLE v. WARD.

1. CRIMINAL LAW—INSTRUCTIONS—MURDER.

Instructions to jury by trial judge in case of defendant tried on open charge of murder that it was duty of jury to return verdict of guilty of first- or second-degree murder or not guilty because of insanity *held,* erroneous since wording made it clear to jury that verdict of guilty of manslaughter or not guilty would be contrary to judge's instruction and since remarks were not identified as a comment by trial judge on evidence (CL 1948, § 768.29).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial §§ 586, 587.
[2, 3] 53 Am Jur, Trial § 587.

2. SAME—TRIAL JUDGE—DUTIES—INSTRUCTIONS—COMMENT ON EVIDENCE.

It is the duty of the trial judge to instruct the jury as to the law applicable to the case and in his charge he may make such comment on the evidence, the testimony, and character of any witnesses as in his opinion the interest of justice may require (CL 1948, § 768.29).

3. SAME—JUDGES—INSTRUCTIONS—COMMENT ON EVIDENCE.

A trial judge's instructions to jury as to the law are binding on the jury in its deliberations but his comments on the evidence are not binding and thus must be prefaced by words which leave the jury free to disregard them in good conscience (CL 1948, § 768.29).

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and J. H. Gillis and Levin, JJ., denying leave to file delayed appeal from Ingham, Salmon (Marvin J.), J. Submitted December 4, 1968. (Calendar No. 22, Docket No. 51,974.) Decided April 9, 1969.

Clarence Ward was convicted of second-degree murder. Defendant's motion for leave to file delayed motion for new trial denied in trial court. Application for leave to file delayed appeal denied by Court of Appeals. Defendant appeals. Reversed and remanded for new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Raymond L. Scodeller,* Prosecuting Attorney, and *James R. Ramsey,* Assistant Prosecuting Attorney, for the people.

*Stuart J. Dunnings, Jr.,* for defendant.

T. E. BRENNAN, C. J. Reluctantly, we reverse this 1955 conviction of second-degree murder. Granting presumption of validity to the judgment of convic-

tion, and bearing fully in mind the mandate of statute prohibiting reversal absent a miscarriage of justice,[1] it is yet impossible for this Court to conclude that there was no error committed or that the error was not prejudicial.

Defendant Ward on the 1st of August, 1955, after a quarrel with his girl friend, chased her into a doctor's office and fired a shot at her, which passed through her body and struck one, Harold Cushion, Jr. Cushion's wound was fatal. Defendant was brought to trial on an open charge of murder. The circuit judge in his instructions, and at considerable length, laid before the jury the rules of law defining murder in the first degree, murder in the second degree, and manslaughter. He instructed them well and thoroughly on their duties with respect to each of the degrees of murder and the included offense of manslaughter. He instructed them correctly on the criteria for determining insanity.

However, the trial judge included in his charge an instruction as follows:

"Members of the jury, you have heretofore been instructed that there must be an adequate provocation existing in a case of this kind to reduce it from murder in the first or second degree to that of manslaughter. I have further instructed you that the use of vile and opprobrious names by one towards another does not constitute a sufficient provocation to reduce an offense from murder to manslaughter, and I have further instructed you that the fact, if it be a fact, that Clarence Ward was in love with Shirley Shanklin and thought he had or was about to lose her was not a sufficient provocation to reduce the offense to manslaughter, and no other provocation appearing, I therefore say to you that *it is your duty* to return a verdict of guilty in this case of either murder in the first degree or murder in the

---

[1] CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096).

second degree unless you should find that Clarence Ward was of unsound mind at the time of the happening of this event, because before you can convict the respondent it must appear that he was a man of sound mind." (Emphasis supplied.)

The concluding remarks of the trial judge were as follows:

"Therefore, members of the jury, let me say to you that you have the right and it is within your province, *notwithstanding my instructions* to return any one of five verdicts, namely, guilty of murder in the first degree; guilty of murder in the second degree; guilty of manslaughter; not guilty; or not guilty because of insanity, but I say further to you, that *it is your duty* to return one of the three following verdicts and in the form hereafter mentioned, namely, murder in the first degree; murder in the second degree; or not guilty because of insanity." (Emphasis supplied.)

We hold these instructions to be erroneous.

It is apparent that the trial judge misinterpreted CL 1948, § 768.29 (Stat Ann 1954 Rev § 28.1052), which reads as follows:

"Sec. 29. It shall be the duty of the judge to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved. The court shall instruct the jury as to the law applicable to the case and *in his charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require.* The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused." (Emphasis supplied.)

A judge's right to comment upon the evidence is precisely that. It is a right to comment. It must be exercised in words which convey clearly to the jury the fact that the judge is commenting rather than instructing. The court's charge or instructions to the jury delineate their duty. A jury may have the power but it has no right to disregard the court's instructions. In its final words the trial court stated flatly that it was the jury's duty to return one of three verdicts, murder in the first degree, murder in the second degree, or not guilty because of insanity. In his reference to the offense of manslaughter and, more importantly, a verdict of not guilty, the court made it crystal clear that such verdicts would be contrary to his instructions.

Cases cited by the people here only point up the error committed. In *People* v. *Davis* (1922), 217 Mich 661, the trial judge used such expressions as: "It seems to me", "There is no evidence here", "As I view the evidence." In *People* v. *Best* (1922), 218 Mich 141, the Court said: "I advise you." In *People* v. *Murphy* (1927), 239 Mich 60, the Court said: "You ought to find." In *Bennett* v. *United States* (CA 10, 1958), 252 F2d 97, the court said: "In my judgment." In *Commonwealth* v. *Patskin* (1953), 372 Pa 402 (93 A2d 704), the court said "The Court cannot see how you could arrive at any other conclusion."

The trial judge's twofold authority to instruct the jury on the law and to make such comment upon the evidence, the testimony, and the witnesses as, in his opinion, the interest of justice may require is severable and must be discharged separately. When a trial judge instructs upon the law he must do so affirmatively. So far as the jury is concerned, the law is what the judge says it is. They have the duty to follow his instructions on the law.

As to the court's comment upon the evidence, such comments are not binding upon the jury. They do

not delineate the jury's duty and they must be prefaced by words which leave the jury free to disregard them in good conscience.

Conviction is reversed and cause remanded for a new trial.

DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.