# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

ROBERT JOHN VANDEUSEN,

Defendant-Appellant.

UNPUBLISHED
April 24, 2018

No. 336532
Hillsdale Circuit Court
LC No. 16-403869-FH

Before: GLEICHER, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of assault with intent to do great bodily harm less than murder (AWIGBH), MCL 750.84. We vacate defendant's conviction and remand for a new trial.

## I. FACTS AND PROCEDURAL BACKGROUND

This case arises from a May 31, 2016 altercation between two neighbors located in a rural area of Hillsdale County. That evening, defendant was grilling food on his porch. His neighbor, Robert LaRoe, had a number of family members visiting. LaRoe's young daughters accidentally let the family's large Mastiff loose, and it ran across the street into defendant's yard where it encountered defendant's Pomeranian. Defendant yelled at the girls, who had walked over to retrieve the Mastiff. After hearing that defendant yelled at the girls, LaRoe's wife walked out and shouted over to defendant from her porch. According to LaRoe's wife, defendant threatened her. At that point, LaRoe walked across the street and exchanged words with defendant. The encounter escalated to the point where defendant shot LaRoe in the abdomen with a pellet gun. LaRoe suffered serious injuries that required abdominal surgery. During the same altercation, LaRoe broke defendant's arm. At trial, defendant asserted a claim of self-defense. Defendant claimed that he shot LaRoe at point-blank range during the quarrel and that the two were on defendant's deck when the shot was fired. In contrast, LaRoe claimed that defendant shot him from more than 35 feet away, while he was still standing in the street.

-1-

Defense counsel requested that the jury be instructed regarding his claim of self-defense.[1] The trial court initially declined to read the instruction. After deliberating for approximately one hour, the jury sent a note to the trial court and asked, "Does this have anything to do with self-defense?" The trial court discussed the note with counsel outside the presence of the jury, and both the prosecutor and defense counsel agreed that the trial court should instruct the jury regarding self-defense. The trial court agreed to do so and summoned the jury back to the courtroom. The trial court then stated to the jury:

Ladies and gentlemen, I have a question from you regarding whether this has anything to do with self-defense, okay? *It's the Court's opinion that it does not.* The defense is that it was by accident, but the attorneys and I both agree that I'm going to instruct you on the law of self-defense just so that you know what the law is, okay?

So, I'm going to instruct you on what self-defense is under Michigan law so you can determine in your opinion whether it applies or not. [Emphasis added.]

The trial court then read the standard jury instructions regarding self-defense, and the jury was excused to resume its deliberations. After the jury was excused, the trial court asked counsel whether there was anything else they wanted to place on the record. The prosecutor stated that he was "satisfied," and defense counsel replied, "Nothing further." Ten minutes after the question was answered, the jury returned with a guilty verdict on the charge of AWIGBH.

On appeal, defendant raises two main arguments: (1) the trial court improperly told the jury that in its opinion the case had nothing to do with self-defense, and (2) given that LaRoe's location was critical to defendant's claim of self-defense, defense counsel rendered ineffective assistance of counsel by failing to impeach LaRoe with a prior inconsistent statement about his location when he was shot. We agree that the trial court's statement to the jury was improper, and because we remand for a new trial on this issue, we do not address defendant's ineffective assistance of counsel claim.

## II. ANALYSIS

Defendant argues that the trial court invaded the province of the jury when it told the jurors before giving the self-defense instruction that, in the trial court's opinion, the case had nothing to do with self-defense. We agree.

---

[1] Defendant also requested a jury instruction regarding the defense of others, given that defendant claimed he was defending his wife, who was sleeping inside the house. The trial court declined to instruct the jury regarding a claim of self-defense based on the defense of others. Defendant does not pursue this issue on appeal.

## A. WAIVER OR FORFEITURE

The prosecution initially argues that defendant expressly approved the trial court's comments that defendant did not act in self-defense, arguing the claim of error is waived under *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). We conclude that defendant did not waive this argument because it is merely forfeited and may be reviewed as an unpreserved issue.

"For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007). Defendant acknowledges that defense counsel did not object to the trial court's comment. Therefore, defendant argues that the error is unpreserved and that it is reviewed for plain error affecting his substantial rights. See *People v Kowalski*, 489 Mich 488, 505-506; 803 NW2d 200 (2011); *People v Carines*, 460 Mich 750, 764-767; 597 NW2d 130 (1999).

The prosecution claims that defendant waived this issue because defendant failed to object to the statement until after the trial court read the self-defense instruction. This argument fails. In *Carter*, the Michigan Supreme Court explained the difference between waiver and forfeiture:

> Waiver has been defined as the intentional relinquishment or abandonment of a known right. It differs from forfeiture, which has been explained as the failure to make the timely assertion of a right. One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error. [*Carter*, 462 Mich at 215 (quotation marks and citations omitted).]

Thus, the question in this case is whether defense counsel failed "to make the timely assertion of a right" or if his inaction constituted "the intentional relinquishment or abandonment of a known right." *Id*. The former results in mere forfeiture, while the latter results in waiver.

In *Carter*, the trial court refused the jury's request to review the transcripts of four witnesses, which was a violation of the Michigan Court Rules. *Id*. at 213. When the trial court explained what it intended to tell the jury, it asked counsel if they had any input. Defense counsel responded by stating, "Satisfaction with that part of it, Judge." *Id*. at 212. On appeal, the prosecution argued "that defendant waived the issue when defense counsel expressed satisfaction with the trial court's refusal of the jury's request and its subsequent instruction to the jury." *Id*. at 213-214. The Supreme Court noted that by expressing satisfaction with the trial court's intended comments, "Defense counsel . . . did not *fail to object*. Rather, counsel *expressly approved* the trial court's response and subsequent instruction." *Id*. at 216. Our Supreme Court held:

> When asked by the trial court in the present case for a response to its proposed instructions, defense counsel expressed satisfaction with the trial court's decision to explain that the transcripts were not available and that the jury must

rely on its collective memory. Because defense counsel approved the trial court's response, defendant has waived this issue on appeal. [*Id*. at 215.]

In *Kowalski*, 489 Mich at 504-505, the Supreme Court again addressed the distinction between waiver and forfeiture. In that case, the trial court instructed the jury on the elements of one of the charged offenses. *Id*. at 502. Defense counsel, on four separate occasions, expressed his approval of the jury instructions read by the trial court.[2] The Court noted that defense counsel's affirmative statements were "repeated, express, and unequivocal and concerned instructions that counsel had more than ample time to fully review and consider." *Id*. at 504 n 26. Because defense counsel in that case "explicitly and repeatedly approved the instruction," the Court held that defendant waived any error with regard to the admittedly erroneous instruction. *Id*. at 503. Thus, *Kowalski* instructs that a counsel's statement that he has no objection qualifies as an express approval of a trial court's comments to the jury, and therefore constitutes a waiver of a known right.

Our Court has likewise held that an affirmative statement that there are no objections to the jury instructions constitutes express approval of the instructions, thereby waiving review of any error on appeal. See *People v Chapo*, 283 Mich App 360, 372–373; 770 NW2d 68 (2009) (defense counsel indicated that he was "satisfied" with the instructions); *People v Matuszak*, 263 Mich App 42, 57; 687 NW2d 342 (2004) (defense counsel stated that he had no objections to the instructions as given); *People v Lueth*, 253 Mich App 670, 688; 660 NW2d 322 (2002) (defense counsel stated that he had no objections to the jury instructions as read).

In light of *Carter* and *Kowalski*, we conclude that defense counsel's actions constituted forfeiture—the failure to make a timely assertion of a right, and not waiver—an intentional relinquishment or abandonment of a known right. In *Carter*, the defense counsel expressed approval of the trial court's proposed comments *before* those comments were made to the jury. However, the trial court in this case did not tell defense counsel that it was going to express its opinion as to the veracity of the self-defense issue. In fact, the trial court asked counsel the following just before calling the jury into the courtroom:

So, I am inquiring as to whether you want me to instruct [the jury] on self-defense so they know the difference so they can make an intelligent decision or whether I simply tell them, "Look, self-defense is not an issue here based on the Court's ruling. Go back and deliberate."

Defense counsel could not have known that the trial court was going to express its personal opinion on self-defense before giving the self-defense instruction. The trial court essentially said it would do one or the other, but not both. Therefore, defense counsel's failure to object to the statement after the fact constituted only a failure to timely assert defendant's right. Additionally, unlike *Kowalski*, defense counsel did not approve the trial court's instructions in a "repeated,

---

[2] The defense counsel in *Kowalski* stated, "I don't have an objection to that," repeated that he had no objection to the instructions, and twice more stated that there were no objections by the defense. *Kowalski*, 489 Mich at 503-504 (emphasis omitted).

-4-

express, and unequivocal" fashion, and the trial court's comments were not "instructions that counsel had more than ample time to fully review and consider." *Kowalski*, 489 Mich at 504 n 26.[3] Because the propriety of the trial court's statement to the jury is merely unpreserved, we review the issue for plain error affecting a defendant's substantial rights. *Id*. at 505-506; *Carines*, 460 Mich at 764.

## B. SUBSTANTIVE CHALLENGE

Defendant contends he was denied his constitutional right to a trial by jury when the trial court gave its opinion on the issue of self-defense before reading the self-defense instruction, thereby invading the province of the jury. We agree.

When a party challenges the trial court's instructions to the jury, we read them "in their entirety to determine if error occurred requiring reversal." *People v Gaydosh*, 203 Mich App 235, 237; 512 NW2d 65 (1994). Jury instructions may be imperfect "so long as they fairly present to the jury the issues to be tried and sufficiently protect the rights of the defendant." *Id*.

The trial court's comment to the jury before reading the self-defense instruction was improper. Before reading the instruction, the trial court stated: "I have a question from you regarding whether this has anything to do with self-defense, okay? It's the Court's opinion that it does not." The trial court could not have been any clearer in its opinion that self-defense was not a viable defense. "It is possible for a court to deprive a party of a fair trial without intending to do so if the manner in which the judge conducts the case gives a plain exhibition to the jury of his own opinions in respect to the parties." *People v Stevens*, 498 Mich 162, 174-175; 869 NW2d 233 (2015) (quotation marks and citation omitted). Further, "a judge should not only be mindful of the substance of his or her words, but also the manner in which they are said." *Id*. at 175. In this case, the trial court expressed its own opinion on a disputed issue in the case directly before reading the jury instructions on that issue. The close proximity of the trial court's statement to the instruction further strengthens the prejudicial effect of the statement.

The prosecution relies on *People v Anstey*, 476 Mich 436, 452; 719 NW2d 579 (2006), arguing a trial court has the duty to instruct the jury on the applicable law, but it also has "the discretionary power to comment on the evidence as justice requires." However, *Anstey* did not involve a trial court sharing its opinion with the jury regarding a factual matter, an element of a criminal offense, or a defense. The *Anstey* Court explained:

> The trial court's authority to comment on the evidence encompasses the power to summarize the evidence relating to the issues, call the jury's attention to particular facts, and point out the important testimony so as to lead the jury to an understanding of its bearings. The trial court's comments must be fair and

---

[3] The prosecutor, however, did state that he was "satisfied" with the trial court's supplemental jury instructions regarding self-defense. Because the prosecutor expressly approved the jury instructions regarding self-defense, as read by the trial court, the prosecution has waived the argument that defendant was never entitled to those instructions.

impartial, *and the court should not make known to the jury its own views regarding disputed factual issues, the credibility of witnesses*, or the ultimate question to be submitted to the jury. [*Id*. at 453-454 (quotation marks and citations omitted; emphasis added).]

In this case, the trial court's comments did not call the jury's attention to any particular facts and did not point out any important testimony so as to lead the jury to an understanding of its bearings.[4] Rather, the trial court did exactly what *Anstey* instructs not to do—make known to the jury its own views regarding disputed factual issues, namely defendant's claim of self-defense. In doing so, the trial court implicitly signaled to the jury its belief that defendant's recorded statements and testimony regarding self-defense were not credible.

The prosecution next relies on *People v Ward*, 381 Mich 624; 166 NW2d 451 (1969), claiming a trial judge's opinion does not remove an issue from the jury's consideration so long as it is conveyed as an opinion and leaves the jury uninhibited to decide the material issues. In *Ward*, the defendant was convicted of second-degree murder. *Id*. at 625. The trial court instructed the jury that defendant had not proven a "sufficient provocation to reduce the offense to manslaughter" and that it was the jury's duty to return a verdict of guilty unless they found defendant of unsound mind. *Id*. at 626-627. The Supreme Court reversed the defendant's conviction and remanded the case for a new trial because of the trial court's inappropriate instruction. *Id*. at 629. In doing so, the Supreme Court generally described a trial court's ability to comment upon the evidence:

> A judge's right to comment upon the evidence is precisely that. It is a right to comment. It must be exercised in words which convey clearly to the jury the fact that the judge is commenting rather than instructing. The court's charge or instructions to the jury delineate their duty. A jury may have the power but it has no right to disregard the court's instructions. In its final words the trial court stated flatly that it was the jury's duty to return one of three verdicts, murder in the first degree, murder in the second degree, or not guilty because of insanity. In

---

[4] The prosecution claims that, in an effort to assist their deliberations, the trial court's comment was simply a reminder of the fact that it initially ruled that self-defense did not apply in this case. However, the trial court had not previously told the jury that self-defense did not apply. The trial court did not discuss anything related to the defense of self-defense in either the preliminary jury instructions given before trial or in the first set of jury instructions read at the close of trial. The trial court did not discuss self-defense with the jury until after they had been deliberating for an hour and after they submitted the question. Even the trial court conceded that the jury had not been told there was a request to read a self-defense instruction. The trial court stated to counsel after receiving the question from the jury, "So, it would appear to the Court that the jury has taken it upon themselves to consider legal defenses that were never—they were never instructed on." Thus, the prosecution is incorrect when it submits that the trial court was simply "reminding" the jury about its "initial ruling that self-defense did not apply in this case." The trial court's initial ruling was given outside the jury's presence, and the jury was not told anything related to the defense of self-defense until the trial court responded to their question.

his reference to the offense of manslaughter, and more importantly, a verdict of not guilty, the court made it crystal clear that such verdicts would be contrary to his instructions. [*Id*. at 628.]

The *Ward* decision describes one method by which a trial court can violate the defendant's right to a fair trial, i.e., by instructing the jury that they must find the defendant guilty of a crime and that they may not find him not guilty. However, *Ward* involves a situation where the trial court flatly instructs the jury what they must do. *Ward* does not explore the potential circumstances under which a trial court's comments can have an inappropriate influence on a jury's resolution of a factual matter, and *Ward* does not speak to *Anstey's* admonition that the trial court "should not make known to the jury its own views regarding disputed factual issues [or] the credibility of witnesses." *Anstey*, 476 Mich at 453-454.

Finally, the prosecution relies on *People v Davis*, 217 Mich 661; 187 NW 390 (1922), to provide an example of trial court comments that did not improperly invade the province of the jury. In *Davis*, the defendant was convicted of first-degree murder. When instructing the jury, the trial court stated, "It seems to me scarcely necessary for me to instruct you in this case as to manslaughter, I think, for you to consider that crime in your deliberations; for, under the evidence in this case, the crime, if you find that the crime was committed, could scarcely be manslaughter." *Id*. at 667. The trial court continued, "It was either murder, or no crime was committed, as I view the evidence." *Id*. Defendant argued that, through this instruction, the trial court removed from the jury's consideration the options to find defendant guilty of second-degree murder or manslaughter. *Id*. at 668. The Supreme Court affirmed defendant's conviction, but not based on a holding that the trial court's comments were proper expressions of opinion. Rather, the Court affirmed defendant's conviction based on a holding that there was no testimony in the record upon which the jury could have drawn an inference that the victim was killed under such circumstances that would reduce the homicide from murder to manslaughter. *Id*. Therefore, *Davis* supports the principle that a defendant is not entitled to an instruction on an issue for which there is no evidentiary support. *Davis* does not contradict the holding in *Anstey*.

We conclude that the trial court's comment violated the Supreme Court's admonition in *Anstey* that a court "should not make known to the jury its own views regarding disputed factual issues" or the credibility of witnesses. *Anstey*, 476 Mich at 453-454. Whether defendant acted in self-defense was necessarily a factual determination. In this case, that determination hinged on credibility determinations, i.e., whether defendant or the victim was telling the truth. We conclude that the trial court's comment invaded the province of the jury in violation of defendant's constitutional right to a trial by an impartial jury.

Because this issue is unpreserved, the question turns on whether the trial court's improper statement constituted plain error, which provides as follows:

We review unpreserved constitutional error for plain error affecting a defendant's substantial rights. In order to avoid forfeiture under a plain-error analysis, defendant must establish (1) that an error occurred, (2) that the error was plain, and (3) that the plain error affected defendant's substantial rights. Even if defendant could satisfy these requirements, reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant

or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence. [*Kowalski*, 489 Mich at 505-506 (quotation marks and citations omitted; alteration in original).]

The elements of the plain-error test are satisfied in this case. First, for the reasons explained above, an error occurred when the trial court expressed its opinion regarding whether defendant acted in self-defense. Second, the error was plain, "i.e., clear or obvious." See *Carines*, 460 Mich at 763. The trial court expressly stated its opinion on a contested issue before giving the instructions on that issue. Third, the plain error affected defendant's substantial rights. The third prong of the plain-error test "generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." As explained above, the jury was not initially instructed regarding the defense of self-defense. After deliberating for over an hour, the jury asked if the case had anything to do with self-defense. The trial court read the self-defense instruction after it gave its own opinion on the issue. Less than 10 minutes later, the jury returned a guilty verdict.

Defendant argues that the jury's quick decision after hearing the trial court's comment indicates that defendant was prejudiced by the trial court's actions. The prosecution claims that, only minutes after hearing the self-defense instruction, the jury asked for a written copy of the instruction, and only then did they return with a verdict. This, however, does not change the fact that the jury deliberated for almost a full hour before they asked for the self-defense instructions, and it does not change the fact that the jury deliberated for less than 10 minutes after the trial court shared its opinion that the defense of self-defense was inapplicable. Given that jurors "are very prone to follow the slightest indication of bias or prejudice upon the part of the trial judge," *Stevens*, 498 Mich at 174 (quotation marks and citation omitted), the trial court's personal opinion may indeed have caused the jury to quickly reject the applicability of that defense and reach a guilty verdict. We conclude that defendant has demonstrated prejudice because the trial court's comments affected the outcome of the lower court proceedings.

Finally, the fourth prong of the plain-error test provides that "reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Kowalski*, 489 Mich at 506 (quotation marks and citation omitted). Unlike the facts in *Kowalski*, the evidence in this case was not "overwhelming and uncontested." *Id*. Rather, the prosecution and defense presented starkly contrasting versions of what happened on the date of the shooting, and even defendant's own recorded statements and trial testimony provided different versions of what happened. The jury was not faced with overwhelming evidence that defendant did not act in self-defense; instead, it was confronted with a credibility contest in order to decide whether the prosecution proved beyond a reasonable doubt that defendant did not act in self-defense. When the trial court relieved the prosecution of that burden by telling the jury that the defense of self-defense was not, in its opinion, applicable in this case, the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings. A defendant who acts in self-defense is not guilty, even of murder, if the defendant honestly and reasonably believes that his life is in imminent danger or that there is a threat of serious bodily harm. "Thus, an act committed in self-defense which conforms to this definition constitutes a lawful act." *People v Heflin*, 434 Mich 482, 508-509; 456 NW2d 10 (1990). If

defendant acted in self-defense, but the trial court removed that factual determination from the jury, then the error resulted in the conviction of an actually innocent defendant.

We vacate defendant's conviction and remand for a new trial. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly
/s/ Thomas C. Cameron